FAIRCHILD and others *against* HOLLY and others.

A judgment on a new  security given for a  previous indebtedness, is not, of itself, a satisfaction of such indebtedness.

Therefore, where several persons were jointly indebted on book to *A ; B,* one of  the joint debtors, gave  his own separate promissory note to *A* for the balance of the account, which was entered upon *A's* book to the credit of the original debtors, but was not accepted by *A,* in satisfaction of his claim against them, and *A* recovered judgment on the note against *B,* who became insolvent, and the judgment was wholly unsatisfied ; in an action of debt on book, afterwards brought by *A* against all the  original debtors, it was held, that the judgment on *B's* note was  no bar or defence to the action.

THIS was an action of debt on book ; tried at *Danbury, September* term, 1834, before *Daggett,* Ch. J.

On the trial it appeared, that the plaintiffs were manufacturers of paper ; and that *Holly,* one of the defendants, was the editor and printer of a newspaper.   The charges on the plaintiffs' book were all for paper delivered by them to *Holly,* at the office at which the newspaper was printed, for the use of the printing establishment, and were admitted, by the defendants, to be correct.   *Holly* and *William S. Wood,* another of the defendants, were defaulted ; and the other defendants denied, that they were in any way liable to the plaintiffs ; insisting, that they were not the partners of *Holly* nor jointly concerned with him in the printing establishment.   The plaintiffs claimed, that the defendants were all jointly interested in it, and that *Holly* was their agent in procuring the paper for which the action was brought.

Litchfield,
June, 1835.

Fairchild
v.
Holly.

The paper was furnished on a credit ; and on the 25th of *February*, 1832, the plaintiffs reckoned with *Holly*, and found the balance then due them for paper so furnished, to be 180 dollars ; for which they took a note, signed by *Holly*, in his own name only, payable on demand, and credited it in their account with *William H. Holly & Co.* On this note the plaintiffs brought a suit against *Holly* only, and recovered judgment for its whole amount. This judgment is still in force and unsatisfied. The defendants insisted, that the note was taken, by the plaintiffs, in payment of so much of their account. This the plaintiffs denied. There was no evidence, that when the plaintiffs took the note, it was agreed between them and the defendants, that it should be received in satisfaction or payment of any portion of the plaintiffs' account. *Holly* became insolvent before the commencement of this suit, and so continues.

The defendants insisted, that as the note had been sued, and a judgment recovered thereon against *Holly*, which was still in force and unsatisfied, such judgment operated as a merger of the note, and as a payment of so much of the plaintiffs' account. This the plaintiffs denied ; and claimed, that the judgment could have no greater effect than the note on which the judgment was recovered could of itself have ; and that the mere giving of the note by *Holly* and the judgment recovered thereon, did not operate in payment of so much of the plaintiffs' account. The court charged the jury according to the claim of the plaintiffs ; and they found a verdict in conformity thereto. The defendants moved for a new trial for a misdirection.

*Sherman* and *Betts*, in support of the motion, contended, That the judgment on the note was a bar to the original cause of action. Had there been a judgment on the plaintiffs' account for the balance due, it is clear that this would be a bar. Now, this is substantially such a judgment. The note was given for the balance due ; and was a security of no higher nature than the book debt, both being simple contracts, and capable of being joined in the same declaration. The note superadded no obligation on the part of *Holly* to pay. Is it not true, then, that so much of the plaintiffs' account as is embraced by the note, has gone into judgment ? Is not the in-

debtedness by note the same indebtedness as that which is the present cause of action? Will not the question whether the adjustment on which the note was given, was correct, be opened for re-examination here?

The case of *Sheehy* v. *Mandeville* & al. 6 *Cranch* 253. will be cited for the plaintiffs. Ch. J. *Marshall*, who delivered the opinion of the court in that case, seems to consider that the defendants being *partners*, judgment might be in favour of one, but not of the other; thus treating the contract as joint and several, whereas it was strictly joint, though it may be several as to the remedy. 1 *Chitt. Plead.* 30. This case was considered in *Robertson* v. *Smith* & al. 18 *Johns. Rep.* 459. 482. & seq. and the doctrine of Ch. J. *Marshall* pointedly disapproved of, and the contrary doctrine established. The opinion given by Ch. J. *Spencer*, in that case, is luminous, and his reasoning conclusive.

*Drake* v. *Mitchell* & al. 3 *East* 251. may also be cited for the plaintiffs. But there the original indebtedness was by *covenant;* and the subject of the suit in which the judgment was recovered, was *a bill of exchange*—a simple contract. This being the case, the court held, that nothing had happened to alter the situation of the parties in respect of the plaintiffs' original remedy on the covenant: a judgment on the simple contract did not bar a subsequent action on the covenant.

*Hawley*, contra, after remarking that *Holly*, who gave the note, and against whom the judgment was recovered, having been defaulted, thereby acknowledged his liability to the plaintiffs' demand, contended, 1. That *the note itself* did not amount to payment, nor merge the account; an express agreement being necessary to produce that effect. *Schemerhorn* & al. v. *Loines* & al. 7 *Johns. Rep.* 311. *Sheehy* v. *Mandeville* & al. 6 *Cranch* 253. 264. *Bill* v. *Porter* & al. 9 *Conn. Rep.* 23. 30, 1. [This point was conceded.]

2. That the judgment on the note cannot vary the case. The note is the collateral promise of one only of several persons liable, made long after the original indebtedness accrued.

If the judgment can have such effect, it can be only by *merger*, and furnishing a *new remedy*.

But a judgment can merge only the very cause of action on which it is recovered. It furnishes a new remedy on that par-

ticular cause of action alone.   How can it merge that which the cause of action itself did not merge ?   The judgment is not equivalent to payment ;   *e. g.* a recovery against one indorser, does not discharge any other party, without satisfaction.

The judgment, then, not amounting to payment, and there being no agreement to give it that effect, can it extinguish the original indebtedness, on the ground of its furnishing a *new remedy ?*  It gives a new remedy on the *note* only—not on the original indebtedness ;   a remedy against *Holly* only, not against the whole.   The note is merely a new, distinct, collateral promise, by one of several debtors, to pay the  original debt.  This promise cannot discharge that debt until it is fulfilled.  The judgment upon it is not a fulfilment : it is only a new mode of enforcing the fulfilment.   There has been no judgment recovered on any liability in which any of the present defendants, except *Holly*, participated.   *Holly* was sued on his sole liability—not on the original cause of action ; and is not now sued on a cause of action on which he has ever been  sued before.   In the former action, the other defendants could not have been sued with him.   How can they be discharged, by a judgment in a suit to which they were not, and could not possibly have been, parties ?

The case of *Sheehy* v. *Mandeville,* 6 *Cranch* 253. fully supports this doctrine ;  and the authority of that case was recognized, by Ch. J. *Hosmer,* in *Sheldon* v. *Kibbe,* 3 *Conn. Rep.* 218.   *Drake* v. *Mitchell* & al. 3 *East* 251. 259. is also a strong case in confirmation of the  same  doctrine.   It was there decided, that the *judgment* recovered on the new security, was in itself no satisfaction until payment should be obtained on it.

CHURCH, J.   The defendants were indebted to the plaintiffs on book, in an amount  unadjusted.   On the 25th *February,* 1832, *Holly,* one of the defendants, reckoned with  the plaintiffs, and found due to them one hundred  and eighty dollars, for which he gave his own separate note, signed  only with his own name, and which the plaintiffs received and entered upon their book to the credit of *Holly & Co.*   This note was never paid ;  but it was sued and judgment recovered upon it against *Holly ;* and this judgment still remains unsatisfied, and *Holly* has become insolvent.

WARD LAW LIBRARY

*Litchfield,*
*June, 1835.*

*Fairchild*
*v.*
*Holly.*

It is unnecessary to consider the question which has been so frequently the subject of judicial discussion, whether this note ought to be applied in payment of an equal amount of the plaintiffs' demand against *Holly & Co.*; because the question of fact, whether the note *was received in satisfaction*, was distinctly submitted to the jury, and decided in the negative.

But it is claimed, that although the *note* cannot operate as a satisfaction of so much of the plaintiffs' claim; yet that the judgment upon that note, though unsatisfied, will so operate. We think otherwise. The note itself not having been received in satisfaction, a judgment upon it could not affect its operation in this respect. The judgment merges only the cause of action upon which it was rendered,—and that was the note against *Holly* alone,—and not the original book debt against *Holly & Co.* All the present defendants, except *Holly,* were strangers to the note and to the judgment upon it; and as the judgment could not operate against them, neither will it in their favour. Yet if the judgment had been paid, the defendants would have been entitled to the benefit of the payment, in the same manner and in no other, than if *Holly* had paid the debt without either note or judgment. In such cases, it is the *satisfaction* of the original debt only, which discharges it. *Drake* v. *Mitchell,* 3 *East* 251.

The ground upon which the defendants place themselves, is, that as the original cause of action furnished the consideration of the note, the judgment, therefore, upon the note, was a judgment upon that original cause of action, and merged it. This position is fallacious. The conclusion does not follow the premises; for although the book debt against *Holly & Co.* might and did enter into the *consideration of the note* made by *Holly,* yet the consideration of a contract is not the contract itself; and it is the contract only which constitutes the cause of action. The causes of action were entirely distinct; and the same evidence would not support, nor even conduce to support them both. The cause of action upon the note was several, against *Holly* alone; but upon the book account was joint, against *Holly & Co.* The note was an express contract, and collateral to the original cause of action; the book account was, or might have been, an implied contract only; and it was the original demand against the original debtors.

1 *Stark. Ev.* 198.  *Johnson* v. *Smith*, 8 *Johns. Rep.* 383.
*Rice* v. *King*, 7 *Johns. Rep.* 20.

The present, therefore, is not a case in which the plaintiffs
have recovered a judgment against one joint debtor, and are now
seeking to recover another, for the *same matter, cause and
thing*, against all the joint debtors.  If it was, we might be called
upon to consider the comparative merits of the conflicting opin-
ions on this subject of the supreme court of the *United States*,
in the case of *Sheehy* v. *Mandeville* & al. 6 *Cranch* 253.
and of the supreme court of the state of *New-York*, in *Rob-
ertson* v. *Smith* & al. 18 *Johns. Rep.* 459.

The case of *Drake* v. *Mitchell*, 3 *East*, 251. recognizes the
principles here advanced, and seems to us entirely conclusive in
this case.    That was an action of covenant against three joint
covenantors, upon an indenture of demise  . The defendants, as
to part of the sum demanded, pleaded, that *Mitchell*, one of
the defendants, had theretofore made his promissory note for
111*l.* 2*s.* 3*d.* part of said sum demanded, and had delivered the
same to the plaintiff; that the plaintiff had afterwards sued the
defendant *Mitchell* on that note, and had recovered judgment
against him upon the same, which judgment then remained in
force and unsatisfied.  To this part of the plea the plaintiff
demurred, because it was not avowed in the plea, that the note
*was received in satisfaction ;* and for this cause the court held
the plea to be insufficient.   And Lord *Ellenborough* says : " I
have always understood the principle of *transit in rem judi-
catam* to relate only to the *particular cause of action* in
which the judgment is recovered, operating as a change of
remedy from its being of a higher nature than before." And
*Le Blanc,* J. says : " The giving of another security, which
in itself would not operate as an extinguishment of the original
one, cannot operate as such, by being pursued to judgment,
unless it produce the fruits of a judgment."

We do not devise a new trial.

In this opinion all the Judges concurred.

New trial not to be granted.