OF THE STATE OF ARKANSAS.    379

Term, 1860.]        Stillwell Exr. et al. vs. Bertrand.

---

## STILLWELL EXR. ET AL. VS. BERTRAND.

In a suit upon an appeal recognizance, the averments that both judgments are in full force and unsatisfied, and that the penalty of the recognizance is unpaid, are, on demurrer, sufficient allegations of breaches of the recognizance.

Where a party has several securities for the same cause of action, he can pursue them all to judgment at the same time, though he is entitled to but one satisfaction.

### Error to Pulaski Circuit Court.

Hon. JOHN J. CLENDENIN, Circuit Judge.

STILLWELL & WOODRUFF, for plaintiffs.

BERTRAND, contra.

Mr. Justice FAIRCHILD delivered the opinion of the court.

After Bertrand had obtained his judgment against Mary E. B. Viser, in the Pulaski Circuit Court, on the 9th of January, 1856, it being the judgment mentioned in the preceding case of *Stillwell, as executor, against Bertrand ;* Mrs. Viser, by writ of

error, caused the judgment to be removed to this court for review ; and to stay proceedings upon the judgment until its alleged errors could be adjudicated, under an order from one of the Judges of this court, on the 25th of June, 1856, a supersedeas recognizance was executed for her, in which Absalom Fowler and Stillwell, the surviving plaintiff in error in this case, joined as her securities. The judgment to which the writ of error was brought having been affirmed, (*Viser vs. Bertrand*, 19 *Ark*. 487, at the January term, 1858, of this court) on the 15th of March, 1858, Bertrand brought his action of debt upon the supersedeas recognizance. Stillwell demurred to the declaration, because it did not show that execution was stayed by the recognizance, and because it did not deny but that Bertrand had been paid his damages for the forfeiture of the recognizance and that no specific breach of the recognizance was alleged.

The declaration avers that the judgments of the Circuit and Supreme Courts are in full force and remain unsatisfied, which is a good denial of payment of damages to Bertrand, and the penalty of the recognizance is declared to be unpaid, both which averments are breaches alleged, and sufficiently specific to have required an answer from Stillwell.

Fowler plead that the judgments of the Circuit and Supreme Courts were rendered against a married woman. These pleas have been sufficiently noticed in the case of *Fowler's Exr. vs. Bertrand*. He, also, pleaded that another action was pending against him for the same subject matter, meaning the action upon the bond given to release Mrs. Viser's attached property. The same question was made upon the inquest of damages, and properly decided by the Circuit Court. If the causes of action in both cases were the same, founded upon different securities, Bertrand could prosecute them all to judgment, contenting himself with one satisfaction. And for a stronger reason a judgment against Fowler would not preclude Bertrand from a judgment against Stillwell.

The demurrers to Fowler's first, sixth and eight pleas were well sustained, and the judgment is affirmed.