## WILLIAM BOGLE *vs.* DANIEL E. CHASE.

Suffolk. Nov. 16, 1874. — March 1, 1875. WELLS & DEVENS, JJ., absent.

In an action for use and occupation, the declaration alleged that the defendant, in consideration of an oral lease of the premises, promised the plaintiff to pay the rent due under a written lease from other tenants, and to pay rent during his occupancy as required by the terms of the written lease. The evidence was conflicting as to the defendant's agreement and occupancy as the plaintiff's tenant, and the defendant introduced evidence that, after the termination of the written lease, the plaintiff brought a suit, which was still pending, against the original lessees, to recover rent for a portion of the time for which rent was claimed in this action. The plaintiff testified that that suit was brought by counsel without his knowledge. The judge instructed the jury that the suit against the original lessees was inconsistent with the plaintiff's present claim, and that the fact was for their consideration, with such reasonable explanation as upon the whole evidence it admitted of. The plaintiff requested a ruling that, until reëntry, the plaintiff could hold the lessees for rent, unless he actually discharged this liability to the lessees themselves, and that a new letting to the defendant for the future, at a rent including past rent from

---

others, did not of itself release the lessees from the past rent, and that suits upon both these agreements would not be inconsistent. The judge declined to give this instruction. *Held*, that the instruction given was sufficiently favorable to the plaintiff, and that the refusal to rule as requested afforded him no ground of exception.

CONTRACT for the use and occupation of a building on School Street, in Boston. At the trial in the Superior Court, before *Brigham*, C. J., the jury found for the defendant, and the plaintiff alleged exceptions. The facts of the case appear in the opinion.

*A. A. Ranney*, for the plaintiff.

*T. Willey*, for the defendant.

COLT, J. This action was brought to recover on a count for the use and occupation of the plaintiff's store from June 1 to September 1, 1871. An amended count was added, alleging in substance that the defendant, on the 10th day of July in the same year, in consideration of an oral lease of the premises, promised the plaintiff to pay the rent due under a previous written lease from other tenants for the months of June and part of July, and to pay rent during his occupancy, as required by the terms of the old lease. The answer was a general denial.

The plaintiff relied on evidence tending to show that the written lease was terminated July 1, by the entry of the plaintiff for nonpayment of rent due that day, and that the defendant, who was interested as a friend and creditor of the former tenants, in order to prevent a removal of their goods, soon after hired the premises, and agreed to pay as rent for the same the sum then due on the old lease, and the rent and taxes required by the terms of that lease, so long as he should occupy, and that possession was taken in accordance with this agreement. This evidence was contradicted by the defendant, who, upon the issue thus presented, relied on the fact that, on August 13 following, a suit was brought in the plaintiff's name upon the covenants in the written lease, against the lessees therein named, to recover the rent due for the months ending July 1 and August 1 of that year, and that this action was duly entered at October term, and is still pending in court. He contended that the plaintiff was, upon this evidence, estopped from setting up the claim made in this suit. But the judge refused to give it that effect, and admitted it as evidence subject to explanation.

There was evidence from the plaintiff himself that this suit was brought and prosecuted by his counsel without his knowledge. The jury were told by the judge in his charge that the suit itself presupposes a continuance of the written lease, and that the use and occupation under it is inconsistent with the present claim of the plaintiff; and the fact was for their consideration, with such reasonable explanation as upon the whole evidence it admitted of, but that it was not an act of the plaintiff decisive against him either in law or in fact.

The plaintiff takes exception to this instruction, but we cannot say that it was not sufficiently favorable. The uncontradicted evidence in the case was that the written lease was terminated and possession taken on the first of July. A suit in the plaintiff's name after that, against other parties for rent subsequently accruing, is certainly inconsistent with a suit against the defendant for the same months' rent, and with the alleged agreement of the defendant. And although the suit may have been originally prosecuted without the plaintiff's knowledge, yet the fact remains that it was still pending, and does not appear to have been disclaimed when brought to his notice, or at any time after. The jury may have well found that the plaintiff was willing it should go on, and thereby ratified what his counsel had done. It was therefore admissible against him. *Bliss* v. *Nichols*, 12 Allen, 443. *Gordon* v. *Parmelee*, 2 Allen, 212.

Nor can we see that the judge erred in refusing to give the instruction upon this point asked by the plaintiff's counsel at the close of the charge, which was, "that on the eleventh day of August, 1871, the plaintiff would have a right to sue and hold the lessees under the lease for the rent of June and July to the time of reëntry, under the covenants of the lease, unless he had actually discharged this liability to the lessees themselves; that a new letting to the defendant for the future, at a rent to an amount which would cover the rent past due from the lessees, as well as the future, without an actual discharge of the lessees being made, would not of itself release them from past rent, and suits against both, on these distinct agreements, would not be inconsistent." The first clause thereof erroneously assumes as a fact that the plaintiff's entry to terminate the written lease was after the first of July, and that the lessees continued to hold under it for the

whole or a part of that month. Whereas, the case finds that it was terminated on that day, and the plaintiff then put his agent in possession. The last clause of the instruction requested does not appear to have been required by the state of the controversy, even if it can be said to state a correct proposition in law. The controversy was as to the fact of the defendant's agreement to become the plaintiff's tenant, and of his occupancy under that as alleged. And the only inconsistency relied on by the defendant or referred to by the judge was in the admission afforded by the suit that other parties were in possession for the whole or some part of the time covered by the present action and the alleged agreement of the defendant. The last clause could not have aided the jury upon this point, and had a tendency to mislead them.                                   *Exceptions overruled.*