DANIEL W. LORD *vs.* GEORGE B. BIGELOW & another.

Suffolk.   Nov. 20, 1877. — March 1, 1878.   COLT, ENDICOTT & LORD, JJ., absent.

A person, who receives two promissory notes upon an agreement to release a demand upon their payment at maturity, is not debarred from his original cause of action, by having one note discounted and taking it up when protested for non-payment and by prosecuting the other to judgment in the name of a friend but for his own benefit, nothing being received by him upon either note, and the discounted note and an assignment of the judgment being tendered by him in court.

A statement made by an attorney of a party, in his presence, as to what the party would testify to, a written motion on the party's behalf containing in substance the same statement as a ground for amendment having been previously filed, is admissible to contradict the party when testifying in another case.

CONTRACT, against George B. Bigelow and Samuel Bigelow, on a bond dated December 29, 1870, executed by the first named defendant as principal and the other defendant as surety. Writ dated August 25, 1873. George B. Bigelow was afterwards adjudged a bankrupt, and received his discharge, and the action was discontinued as to him.

At the trial in this court, before *Soule*, J., without a jury, it appeared that Lord had obtained a judgment and execution against the Marginal Freight Railway Company, and had levied the execution on the franchise of the corporation; that George B. Bigelow, who had become a stockholder in the corporation, filed a bill in equity in this court to restrain Lord from selling under the levy, and it was ordered by the court that an injunction should issue, if George B. Bigelow should give to Lord a bond conditioned to pay so much of the judgment as Lord should not by the final decree of this court be restrained from enforcing; that the bond declared upon was given, containing the conditions specified; and that the bill in equity was ordered by the full court to be dismissed on July 22, 1873.

It also appeared that in January, 1871, at a meeting between Lord and George B. Bigelow, the amount of the various claims of Lord against the Marginal Freight Railway Company, including the judgment and execution, was agreed upon, and two promissory notes, signed by one Richmond, payable to the order of George B. Bigelow and indorsed by him, were given by Bigelow to Lord, both payable in February, 1871. The defendants contended that these notes were received by Lord in satisfaction of the judgment and in discharge of the bond.

The judge found, as matter of fact, that the condition of the bond had been broken; that the judgment had not been paid or satisfied; that the plaintiff did not agree to accept the notes in payment, satisfaction or discharge of the judgment or bond; but that the notes were given with the understanding and agreement, between Lord and Bigelow, that, if the notes should be paid at maturity, Lord would discharge the judgment; that neither of

the notes was paid; and that Lord did not neglect or refuse to perform his agreement.

It further appeared that one of the notes was given by the plaintiff on January 6, 1871, to Elisha Atkins & Co. as collateral security, with instructions to collect it, and to pay themselves, out of the proceeds thereof, a debt then due them from the plaintiff, and to pay over the remainder of the proceeds to the plaintiff; that the note was not paid at maturity, was duly protested, was handed back to the plaintiff by Atkins & Co., was put in suit by the plaintiff in the name of Elisha Atkins, who personally had no interest in the suit, but gave the plaintiff permission to use his name, and judgment was obtained by default for the amount thereof against George B. Bigelow; that execution was issued on this judgment, but never in any part satisfied; and that a writ of review was granted of this judgment, but was never sued out by Bigelow. The plaintiff, at the trial, filed in court, for the benefit of whom it might concern, to be delivered to the defendants, an assignment of the judgment by Atkins to the plaintiff, and an assignment thereof by the plaintiff to George B. Bigelow, and the execution issued on the judgment was also filed in court with the assignment, to be delivered to the defendants. It also appeared that the other note had, before its maturity, been indorsed by the plaintiff, deposited by him at a bank, discounted for his benefit, and the proceeds thereof passed to his credit by the bank; that the note was not paid at maturity, was duly demanded, protested, and the plaintiff duly notified of non-payment, and was paid and taken up by the plaintiff, with interest, by his depositing sufficient moneys to make his bank account good, and the note delivered to him; and that the plaintiff, at the trial, filed the note in court for the use and benefit of the defendants. It appeared that $20,000 had been paid by Richmond to the defendant, Samuel Bigelow, to indemnify him for any liability he might incur by reason of being surety on said bond.

The judge found that neither of the defendants had in any way suffered by reason of the transfer of the notes from the plaintiff in manner aforesaid, and that nothing had been received therefrom; and ruled that there was, on the foregoing facts, in reference to the negotiation of the notes, nothing to prevent the plaintiff from recovering.

At the trial, George B. Bigelow testified that the two notes were given and received by the plaintiff at the meeting of January 4, 1871, as an absolute satisfaction of his judgment. Among other evidence introduced by the plaintiff, contradicting George B. Bigelow in the testimony thus given by him as to such conference, the plaintiff offered a certain statement as to the nature of that meeting, and as to what was said and done at it, which did in point of fact tend to contradict Bigelow's testimony with reference to it. This statement was made in the equity suit above referred to, by his attorney, while Bigelow was on the stand in that cause, in his presence and hearing, and without any denial from him, as an offer of what the attorney would prove by the testimony of Bigelow, and within his personal knowledge. The evidence thus tendered by the attorney was, however, ruled by the presiding judge to be inadmissible, and was rejected. It also appeared, as tending to show George B. Bigelow's assent to such statement, that previously, in the equity suit, George B. Bigelow, by his attorney, had filed a motion to add an amendment to his bill, containing substantially the same allegations as were made by the attorney in his offer of proof, which motion was not allowed. It also appeared that the attorney had excepted to the ruling of the judge rejecting his offer of evidence ; and that this offer and exception appeared in the report of the testimony taken at the request of George B. Bigelow, and subsequently filed in this court in that cause, on which the case was argued. To the admission of this statement of his claim made by his attorney objection was made ; but the judge admitted it as ccmpetent to contradict George B. Bigelow's testimony.

The judge ordered judgment for the plaintiff for the penalty of the bond ; and the defendant, Samuel Bigelow, alleged exceptions.

*C. Allen & A. Churchill,* for Samuel Bigelow.

*I. T. Drew & C. L. B. Whitney,* for the plaintiff.

AMES, J. It has been found, as a matter of fact, that the promissory notes given to the plaintiff were not received by him as a satisfaction of the judgment. The judgment was to be released, if those notes should be paid at maturity; and, as they have not been paid, the judgment, *primâ facie*, remains in force.

It was a case, therefore, not of collateral security, but of condi tional payment. If the notes remained in his hands or under his control at their maturity, he would have the same right upon their non-payment to return them, as he would if, instead of the notes, he had taken a check which there were no funds to meet, or had taken the bills of a broken bank. *Small* v. *Franklin Mining Co.* 99 Mass. 277. He had not so conducted that he could be said to have sold collateral security within the meaning of the Gen. Sts. *c.* 161, § 64. In the case of *Fletcher* v. *Dickinson*, 7 Allen, 23, which is cited for the defendant, a party holding certain notes expressly as collateral security assumed to sell them for less than their value, without the knowledge of the pledgor, and knowing that the purchaser intended to cancel them — a case which differs widely from the one before us.

The plaintiff, under the terms of the agreement, had a right, or more properly it was his duty, to attempt to collect the notes. An unsuccessful attempt to do so, made in good faith and in a proper manner, ought not to operate to his prejudice. He had a right to have them discounted at a bank, with the help of his own credit, and if they were not paid, and nothing was in fact received upon them, and they were returned upon his hands and taken up by him, he would be at liberty to resort to his original cause of action. *Alcock* v. *Hopkins*, 6 Cush. 484. Both of the notes are still in his possession, or under his control. The fact that one of them was sued for his benefit in the name of a friend, and reduced to a judgment, does not vary the case. The judgment not having produced satisfaction in fact, the plaintiff may resort to his original remedy. *Drake* v. *Mitchell*, 3 East, 251. The tender made by the plaintiff in court was as effectual as if the notes had never been out of his hands.

The other point is equally clear. It was competent for the plaintiff to contradict the testimony of George B. Bigelow by proof of what he had said or done at some other time. It is true that the declaration alleged to be in conflict with his testimony in the present case was made by his attorney at the trial of another suit, in which the witness was plaintiff, and the present plaintiff was defendant. The declaration was made by his attorney, in the presence of the witness, and as a statement of what the witness would then testify to. A written mo-

tion on his behalf, containing the same allegations in substance as a ground for amendment, had been previously filed in the same case. We think that the declaration so made was not a mere formal or technical statement by an attorney as to a cause of action, but an assertion of a matter of fact, made by his immediate representative and agent within the course and scope of such agency, for his benefit, in his presence, with his concurrence, and therefore binding upon him. *Gordon* v. *Parmelee*, 2 Allen, 212. *Bliss* v. *Nichols*, 12 Allen, 443. *Bogle* v. *Chase*, 117 Mass. 273. *Brown* v. *Jewett*, 120 Mass. 215. This conclusion rests upon the ground, not that he heard it and did not repudiate it, but that under the circumstances it was his statement.

*Exceptions overruled.*