MILLER'S RIVER NATIONAL BANK *vs.* MARTIN V. B. JEFFERSON.

Worcester.   Sept. 30. — Nov. 26, 1884.   C. ALLEN & COLBURN, JJ., absent.

A bank discounted a draft of a firm, consisting of A., B., and C.; and, as a condition of making the discount, required security to be given for the whole debt of the firm to it, including previous advances as well as the draft.   A. and B. accordingly transferred to the bank promissory notes of the firm owned by them respectively, given for advances made by them to the firm, and payable on demand.   The firm and the individual members of it became insolvent.   The draft had been paid before the insolvency proceedings were begun, but some of the previous advances had not been.   *Held,* that the bank could prove the notes against the estate of the firm in insolvency, after having already proved for the whole amount of the unpaid advances.

HOLMES, J.   The Miller's River National Bank discounted a draft of the firm of Goodman, Schofield, and Company, consisting of Goodman, Hale, and Schofield, who are now in insolvency individually and as a firm.   As a condition of making the discount, the bank required security to be given for the whole indebtedness of the firm to it, including previous advances as

well as the draft. Goodman and Hale accordingly transferred to the bank promissory notes of the firm owned by them respectively, and given for advances made by them to the firm. These notes were all payable on demand. The discounted draft had been paid before the insolvency proceedings were begun, but some of the previous advances had not been; and the question is, whether the bank can prove the collateral notes, after having already proved for the whole amount of the unpaid advances.

The statutes and decisions have applied the maxim that equality is equity, in a somewhat mechanical way, to the distribution of insolvent estates. But we know of no authority applicable to this case that goes beyond preventing parties from taking a larger proportion of the fund than they or those whom they represent may be supposed to have contributed to it. If the principal and the collateral claim represent two distinct contributions, there is nothing in the general policy of the insolvent law opposed to double proof. If, for instance, a stranger to the firm had held these notes for advances made by him, and had pledged them to the bank to secure it for its subsequent advance, the pledged notes, being provable before, would not cease to be so when pledged, and the pledgee would hold any balance received above its debt as trustee for the pledgor.

In the present case, the collateral notes represent distinct contributions as much as in the case just supposed, — contributions from members of the firm, to be sure, who are liable *in solidum* for the firm debts, but still contributions diminishing their separate estates and swelling that of the firm. Even in the hands of a partner, they would be recognized as debts, and, although the partner would not be allowed to prove them in competition with his own creditors, if there was a surplus he would be let in, and, according to many decisions, would have to be paid in full before any dividend could be paid in respect of capital.

This being so, what substantial reason is there why a holder for value should not receive dividends to the extent of his interest, like a pledgee of accommodation paper? It is true that the consideration which gives this particular debt its capacity. to compete with the claims of other creditors is the advance to

the firm, and that that advance has already been proved to its full amount.    But if the bank had made a separate purchase of these notes, it could prove them, although such a purchase would add nothing to the fund appropriated to the firm creditors.    In this case, the bank is equally a holder for value, and the transfer of the collateral notes was part of the consideration for the advance to the firm.

Again, at the time the notes were transferred to the bank, the bank could have maintained an action upon them.    *Thayer* v. *Buffum*, 11 Met. 398.    *Richards* v. *Fisher*, 2 Allen, 527. Without implying that the right to maintain an action and the right to prove in insolvency are coextensive, it may be said that one follows . from the other pretty directly when the general policy of the insolvent laws has been satisfied.

The fact that the notes were payable on demand makes no difference.    Section 14 of the Pub. Sts. *c.* 77, no more subjects indorsees to a partner's disability to prove, than it does to his disability to sue.    *Thayer* v. *Buffum*, and *Richards* v. *Fisher*, *ubi supra.*

If the obstacles to proving the collateral notes, considered as contracts of the firm, are overcome, we do not understand the defendant to argue that they present any further difficulties in their aspect of securities, or to deny that a creditor holding security from one partner, like one holding it from a stranger, may retain his security, and prove for the full amount of his debt.                                   *Judgment for the plaintiff.*

*W. S. B. Hopkins*, for the plaintiff.

*C. A. Merrill*, for the defendant.