## L. C. VANUXEM & others *vs.* BUCHANAN BURR.

Suffolk. March 11, 1890. — May 8, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Distinct Contracts — Cause of Action — Unsatisfied Former Judgment — Res Judicata.*

The maker of a promissory note agreed with the holder to procure an indorser. The holder, pending an action on the note, recovered judgment against the maker for breach of that agreement, and the damages were assessed by consent at a sum equal to the amount due on the note, which judgment remained wholly unsatisfied. *Held*, that the judgment was no bar to a recovery on the note.

CONTRACT upon a promissory note, dated August 22, 1888, and made payable by the defendant, on November 1, 1888, to the order of himself, and indorsed by him in blank. Answer, a general denial. Writ dated April 3, 1889. In the Superior Court, on appeal from the Municipal Court of the city of Boston, the defendant, with the consent of the plaintiffs, filed the following supplemental answer: " The defendant says, that, since he filed his answer in the above entitled suit, these plaintiffs have recovered judgment against this defendant in an action

begun and prosecuted in this court; that said judgment was re-
covered on the first Monday of July, 1889, and was for the amount
of $1,553.01, debt or damages, and $41.30, costs of suit; that in
the computation of the amount of said debt or damages, the
note sued upon in this action was taken into account, and this
defendant's indebtedness thereon was made a part of the debt or
damages awarded by said judgment, as by the papers and rec-
ord in said suit will appear.   Wherefore the defendant says the
plaintiffs have no right to further maintain this action."

At the trial, without a jury, before *Aldrich*, J., the following
facts in regard to the allegations set up in the supplemental
answer were agreed: " The former action therein referred to
was an action between the same parties begun before maturity
of the note now in suit; the declaration therein contained three
counts, one upon a promissory note, and two upon a special
agreement to procure the indorsements of the defendant's
mother upon the last named note and two others, one of which
was the note sued on in this case.   After judgment had been
entered for the plaintiffs in the present suit in the municipal
court, and the appeal taken by the defendant had been duly
entered in the Superior Court, the plaintiffs recovered judgment
in said former suit in the Superior Court by default, and by
agreement damages were assessed at the amount due on said
three notes, including the one now sued on."   The note in
question, and the record of the prior suit between the parties,
were put in evidence by the plaintiffs, and no other evidence
was offered by either party.

The judge refused to enter judgment for the plaintiffs, and
found for the defendant; and the plaintiffs alleged exceptions.

*L. D. Brandeis & W. H. Dunbar*, for the plaintiffs.

*J. H. Young*, for the defendant.

HOLMES, J.   This is an action upon a promissory note made
by the defendant.   The only defence is, that in another action
upon a contract to procure the defendant's mother's indorse-
ment to this note and to two others, the plaintiffs since the
present suit was brought have recovered judgment against the
defendant for damages assessed by agreement at a sum equal
to the amount due on the three notes.   If this judgment is not
a bar, it is admitted that the plaintiffs are entitled to recover.

The two contracts were both in existence at the same time. They were distinct from each other in form, as appears from the statement of them. They were also distinct in substance. Supposing that the defendant could do no more to bind himself personally to pay the money to the plaintiffs than he did by making the note, still his promise to get the security of an indorser affected other things besides his personal payment or his personal obligation to pay. Its performance or breach affected the plaintiff's power to discount the note before it was due, and the probability of their getting payment from another whom the defendant might be able to persuade to indorse, when he could not or would not induce her to pay if she had not indorsed. As the contracts were both in existence, and were different, and as they were both broken, it is plain that the plaintiffs have had two different causes of action, and there is no need to refer to the tests of difference which have been laid down in the books. *Eastman* v. *Cooper*, 15 Pick. 276, 286. *Lechmere* v. *Fletcher*, 1 Cr. & M. 623, 636. The question arises solely on the effect of the judgment.

What we mean when we say that a contract is legally binding is, that it imposes a liability to an action unless the promised event comes to pass, subject to whatever qualifications there may be to the absoluteness of the promise. Generally, if a man is content to make two legally binding contracts, he consents to accept the legal consequence of making two instead of one, namely, liability to a judgment upon each unless he performs it. It would be anomalous if a judgment without satisfaction upon one cause of action were held to be a bar to a suit upon another and distinct cause of action. No doubt, two contracts may be such that performance of one of them, or satisfaction of a judgment upon one of them, would prevent a recovery upon the other, either altogether or for more than nominal damages. In this Commonwealth the decisions have gone somewhat further than elsewhere in treating satisfaction of one judgment as an absolute bar to another action. *Gilmore* v. *Carr*, 2 Mass. 171. *Savage* v. *Stevens*, 128 Mass. 254. But instances are too numerous and familiar to need extended mention, where the mere recovery of a judgment is held no bar to another action, although the satisfaction of it would be. *Simonds*

v. *Center*, 6 Mass. 18.   *Porter* v. *Ingraham*, 10 Mass. 88.   *Elliott*
v. *Hayden*, 104 Mass. 180.   *Byers* v. *Franklin Coal Co.* 106
Mass. 131, 136.   This principle is applied, not only to actions
against different parties, such as the maker and indorser of a
note, or joint tortfeasors, but to actions against the same indi-
vidual when he has given different obligations in respect of
what is in substance the same debt.   Thus, judgment upon a
note given by an obligor as collateral security for his bond is
no bar to a subsequent action upon the bond.   *Lord* v. *Bigelow*,
124 Mass. 185, 189.   *Drake* v. *Mitchell*, 3 East, 251.   *Lechmere*
v. *Fletcher*, 1 Cr. & M. 623.   *Fairchild* v. *Holly*, 10 Conn. 474.
*Davis* v. *Anable*, 2 Hill, (N. Y.) 339; *Burnheimer* v. *Hart*, 27
Iowa, 19.   See *Greenfield* v. *Wilson*, 13 Gray, 384; *Moore* v.
*Loring*, 106 Mass. 455; *Miller's River National Bank* v. *Jeffer-
son*, 138 Mass. 111; *Stillwell* v. *Bertrand*, 22 Ark. 379, *Corn
Exchange Ins. Co.* v. *Babcock* (No. 2), 8 Abb. Pr. (N. S.) 256.
*United States* v. *Cushman*, 2 Sumner, 426, 440.

The principle of the cases last cited is decisive of the one
at bar.   No distinction favorable to the defendant can be taken
between an agreement made as itself collateral security, and an
agreement to furnish collateral security.   If there were any
difference, it would be in favor of the plaintiffs; for the collat-
eral contracts recovered on in the cases cited were simply other
contracts of the defendant to pay money, whereas the contract
of this defendant was a contract to get a third person to indorse,
as we have stated.   It is true, that in most of the cases there
were other parties defendant in the first or second suit.   But
that circumstance had nothing to do with the ground of the
decisions, as indeed it could not have had by any technical
rule.   The ground was that stated by Lord Ellenborough in
*Drake* v. *Mitchell*, and approved by this court in *Lord* v. *Bigelow*:
" A judgment recovered in any form of action is still but a
security for the original cause of action, until it be made pro-
ductive in satisfaction to the party; and therefore till then it
cannot operate to change any other collateral concurrent rem-
edy which the party may have."   Parsons, C. J., states the
law in the same way : " A judgment in a suit, where the action
is given as a remedy merely cumulative, is no bar, unless such
judgment has been satisfied; for, although there may be two

remedies, there can be but one satisfaction." *Storer* v. *Storer*, 6 Mass. 390, 393.

The technical effect of the judgment as a bar would be the same, whether the defendant in both suits were the same, or other defendants were joined in any one of them. The rule as stated by the courts in all the cases applies with equal force, whichever may be the fact. If we were to depart from that rule, and to say that a man should have but one judgment, although he had different causes of action, when we thought he could get from a single judgment all the satisfaction he was likely to get, we should be legislating, instead of following the precedents, and legislating in very doubtful accord with the contracts of the parties. *Exceptions sustained.*