ROGER WILLIAMS NATIONAL BANK *vs.* FREDERICK S. HALL
& another, assignees.

Bristol.   October 24, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insolvency Proceedings — Partnership Note payable to Partner and indorsed
to Holder.*

The holder of a partnership note made payable to one partner and indorsed by him
to the holder may prove it in insolvency against the estates both of the firm and
of the indorsing partner before any dividend is declared on either.

HOLMES, J.   The question in this case is whether the holder
of a partnership note made payable to one partner and indorsed
by him to the holder can prove it in insolvency against the es-
tates both of the firm and of the indorsing partner before any
dividend is declared on either.   The statute is silent.   Intima-
tions in favor of the right of double proof are to be found in
*Borden* v. *Cuyler*, 10 Cush. 476, 477, and in *Mead* v. *National
Bank of Fayetteville*, 6 Blatchf. C. C. 180, and in the decisions in
*In re Farnum*, 6 Law Rep. 21 (by Judge Sprague), and *Ex parte
Nason*, 70 Maine, 363.   The United States Bankrupt Act of
March 2, 1867, § 21, U. S. Rev. Sts. § 5074, is construed to al-
low the right in terms.   *Emery* v. *Canal National Bank*, 3 Cliff.
507, collecting the cases, and repeating some of the general argu-
ments at length.   Formerly an arbitrary rule was worked out
by degrees in England that the creditor must elect.   *Ex parte
Rowlandson*, 3 P. Wms. 405.   *Ex parte Moult*, Mont. 321;
Mont. & Bligh, 28; 1 Deac. & Ch. 44; 2 Deac. & Ch. 419.
*Goldsmid* v. *Cazenove*, 7 H. L. Cas. 785, 805.   But this rule,
after being disapproved by the most eminent judges, (*Ex parte
Bevan*, 9 Ves. 223, 225 ; 10 Ves. 107, 109 ; Story, Part. (7th ed.)
§§ 384–386; Eden, Bankruptcy, (2d ed.) 181,) has been done
away with by statute in cases like the present.   *Ex parte
Honey*, L. R. 7 Ch. 178.   In view of the modern decisions and
the general agreement of opinion, we think it unnecessary to
argue elaborately for the right of a creditor who has required
two contracts binding two distinct estates to insist upon both.

See further *Fuller* v. *Hooper*, 3 Gray, 334, 342; *Vanuxem* v. *Burr*, 151 Mass. 386, 388, 389; *Turner* v. *Whitmore*, 63 Maine, 526, 528; and *Miller's River National Bank* v. *Jefferson*, 138 Mass. 111, 113.          *Decree of court of insolvency affirmed.*

  *W. A. Morgan & F. L. Tinkham,* for the appellants.
  *E. H. Bennett,* for the appellee.