THOMAS P. EMERSON *vs.* RICHARD H. PAINE & another, executors.

Middlesex. March 12, 1900. — June 20, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Insolvent Estate of Deceased Person — Promissory Note — Proof of Claim — Collateral Security.*

P., the maker of a promissory note, gave E. for his indorsement thereof a promissory note as collateral security, which was to apply to all renewals of the original note. The original note was three times renewed, and before the last renewed note fell due, P. died. *Held,* that although the bank which discounted this note had proved it against the insolvent estate of P., E. could also prove his claim on the note given him by P.

APPEAL from a decree of the Probate Court allowing the report of commissioners upon the insolvent estate of William H. Perkins, deceased, and from the disallowance of the claim of the appellant presented to the commissioners.

The case was submitted to this court, and after a finding for the appellees, by *Barker,* J., to the full bench on appeal, upon agreed facts, in substance as follows.

On July 20, 1896, Perkins made a promissory note for $5,000, and had it discounted at the Union Market National Bank of Watertown, it having been indorsed by Thomas P. Emerson, the appellant. Perkins, prior to and in consideration of such indorsement, and as collateral security therefor, gave Emerson a second mortgage on certain real estate in Watertown, and a mortgage note dated July 17, 1896, for $5,000. The first mortgage thereon, held by the Waltham Savings Bank, was subsequently foreclosed and the property under it sold, so that the collateral

security to the mortgage note held by Emerson was rendered of no value, and he had no collateral which he was obliged to surrender or offer to surrender before offer of proof of claim. It was agreed that the collateral security should apply to renewals of the note, and the original note discounted by the Union Market National Bank of Watertown when it fell due on November 23, 1896, was taken up with a new note for the same amount with the same maker and indorser. This second note when it fell due was taken up with a new note for the same amount with the same maker and indorser. This third note was paid before maturity, the money to pay it being obtained by the discount of still another note for $5,000, with the same maker and indorser, at the Newton National Bank in Newton. Before this last note fell due Perkins died, and the note had not been paid at the time of the hearing before the commissioners, though Emerson had waived demand and notice thereon, and had pledged collateral of his own upon it, at the request of the Newton National Bank. This last note was offered by the Newton National Bank for proof before the commissioners, and by them allowed for its full amount. Emerson testified before the commissioners that the mortgage note of July 17, 1896, was held by him as collateral for his indorsement, as herein stated.

*C. H. Tyler & O. D. Young*, for the appellant.

*G. S. Littlefield & H. R. Skinner*, for the appellees.

LATHROP, J. Both parties in this case have assumed that the note discounted by the Newton bank was a renewal of the original note discounted by the Watertown bank. Assuming it to be such, the only question is whether Emerson, the indorser, having a promissory note given to him as collateral security by Perkins, the maker, and which by agreement was to apply to all renewals of the original note, can prove his claim against the insolvent estate of Perkins, who has deceased, the Newton bank having proved the note discounted by it against said estate in full.

We see no reason why the claim cannot be proved. There is nothing in the Pub. Sts. c. 137, relating to the insolvent estates of deceased persons, or in our decisions, to prevent it. The note was given for a valuable consideration, namely, the lending by Emerson of the credit of his name to Perkins. An action

upon it could have been maintained by the holder against the maker in the lifetime of the latter ; *Hapgood* v. *Wellington,* 136 Mass. 217 ; and it follows that it may be proved against his estate. *Moseley* v. *Ames,* 5 Allen, 163. *Miller's River National Bank* v. *Jefferson,* 138 Mass. 111.

Emerson does not seek to prove his claim as an indorser, nor does he ask the Probate Court for an order, under the Pub. Sts. c. 137, §§ 28–30, as the holder of a contingent claim, and the case, therefore, does not come within *Cummings* v. *Thompson,* 7 Met. 132, and *French* v. *Hayward,* 16 Gray, 512.

*Finding reversed.*