### Ross W. Wood & others *vs.* John H. Corl.

Where an action is brought against a defendant on two notes indorsed by him, and the case is submitted to the court, who give an opinion in favor of the plaintiff on both notes, but afterwards permit him to withdraw one of them, and then render judgment in his favor for the amount of the other note only; he is not thereby precluded from maintaining a subsequent action against the defendant on the note that was thus withdrawn.

In the absence of proof to the contrary, the legal presumption is, that in every State in the Union, three days' grace is allowed by law on bills of exchange and promissory notes.

A note was made to C., dated at Buffalo, payable at a bank in Cleveland, Ohio, and by C. indorsed: Payment of the note was demanded at said bank, at maturity, by a notary public, who, upon being informed that C. resided in Buffalo, seasonably put into the post office a notice of non-payment, directed to him at that place. *Held,* that the notice was sufficient to charge C. on his indorsement.

Where a suit is brought in this State on a note payable, on a day certain, in another State, without interest, the plaintiff is entitled, in the absence of evidence as to the legal rate of interest in that State, to compute interest, by way of damages for non-payment, at the legal rate of interest in this State.

Assumpsit by the indorsees against the indorser of this promissory note: "Buffalo, 21st Sept. 1836. Six months after date, I promise to pay John H. Corl, or order, two hundred and seventy-two $\frac{88}{100}$ dollars, at the Commercial Bank of Lake Erie in Cleveland, Ohio, for value received. William B. Bennet."

At the trial before *Putnam,* J. the signature of the maker and the indorsement by the defendant were admitted. The plaintiffs introduced the deposition of Freeman P. Handy, a notary public in Ohio, in which he deposed that he, on the 24th

of March 1837, presented said note at the bank in Cleveland, where it was made payable, and there demanded payment thereof, which was refused — the teller of said bank replying that there were no funds to satisfy said note : That said note was duly protested by said Handy, on the same 24th of March, at said bank, and that he gave notice to the indorser, (the defendant,) by putting into the post office at Cleveland, on the evening of the same day, a letter addressed to the defendant at Buffalo, New York, informing him that said note (describing it) had been protested for non-payment, and that the holders looked to him for payment of the same : That said notice was put into said post office in season for it to go by the first mail which left Cleveland for Buffalo after said note was presented at said bank for payment : That said notice was sent to the defendant by order of the bank from which it was received for collection ; and that said notary was informed that the defendant resided at said Buffalo.

The defendant then gave in evidence a copy of a record of a certain judgment recovered by the plaintiffs against the defendant in the court of common pleas in Cuyahoga county, Ohio ; and he thereupon contended that the note now in suit had already been once the subject of an action, and that the plaintiffs, by said judgment, were precluded from maintaining the present suit. (See the statement, as to this record, in the opinion of the court, *post*, 205.)

The defendant also contended that he was not liable ; *first*, because the note was not duly presented for payment at maturity ; there being no evidence of any law or usage in Ohio, as to allowance of days of grace : *Secondly*, because the evidence did not show that the notice of non-payment was sent to the residence of the defendant ; the burden of proof, as to this fact, being on the plaintiffs.

The judge ruled in favor of the plaintiffs on these matters of defence, and directed the jury, in the absence of any proof as to the rate of interest in Ohio, to compute it at six per cent. per annum, by way of damages for non-payment of the note. The jury returned a verdict for the plaintiffs for the amount of the

note, and interest at six per cent. from the day it was payable. The defendant moved for a new trial on account of said rulings and instruction.

*B. Rand,* for the defendant.

*B. Sumner,* for the plaintiffs.

SHAW, C. J.    Assumpsit against the defendant, as indorser of a promissory note, made, indorsed and negotiated in the State of Ohio.

The first ground of defence is, that this note was once put in suit in the State of Ohio, and that judgment was recovered in that action.    It is true that judgment was recovered by the plaintiffs, but not on this note.    It appears by the record, that the suit was commenced on this and one other note ; that it was referred to the court to decide without the intervention of a jury ; that the court expressed an opinion in favor of the plaintiffs on both notes ; but that on motion the plaintiff was allowed to withdraw the note now in suit here, and that judgment was in fact taken for the amount of the other note only.    This was equivalent to a discontinuance, by leave of court, as to this note, and such discontinuance is clearly no bar to another suit for the same cause of action.

Another ground of defence was, that it does not appear that by the law of Ohio three days of grace are allowed, and therefore it is not shown that demand on the third day was right. But we consider it well settled, that by the general law merchant, which is part of the common law, as prevailing throughout the United States, in the absence of all proof of particular contract or special custom, three days of grace are allowed on bills of exchange and promissory notes ; and when it is relied upon that by special custom no grace is allowed, or any other term of grace than three days, it is an exception to the general rule, and the proof lies on the party taking it.    *Bussard* v. *Levering* and *Lindenberger* v. *Beall,* 6 Wheat. 102, 104.    *Renner* v. *Bank of Columbia,* 9 Wheat. 581.    *Mills* v. *U. S. Bank,* 11 Wheat. 431.*

---

* It appears in the Ohio Reports, that three days' grace is allowed by law, in that State, on promissory notes and bills of exchange.    *Remington* v. *Harrington,* 8 Ham. 507.    *M'Murchey* v. *Robinson,* Wilcox, 496.

It was further contended that due notice was not given to the defendant, by a letter addressed to him at Buffalo, without proof that he lived there, or proof of due diligence to ascertain his residence. The note was dated at Buffalo ; the testimony of the notary shows that it was reported that the defendant lived there ; and we are of opinion that the holders used due diligence, and that, under the circumstances, notice sent to Buffalo was sufficient. [See *Lowery* v. *Scott*, 24 Wend. 358. *Bank of Utica* v. *Davidson*, 5 Wend. 587. *Bank of Utica* v. *Bender*, 21 Wend. 643. *Ransom* v. *Mack*, 2 Hill's (N. Y.) Rep. 587.]

We are also of opinion that the instruction to the jury was right, as to the damages to which the plaintiff was entitled for non-payment of the note.

*Judgment on the verdict.*