GEORGE SPARHAWK & wife *vs.* CHARLES WILLS.

A judgment for the plaintiff in an action for one year's interest due on a note payable " in one year, with interest annually," is no merger of the principal debt, although already due.

SHAW, C. J.    This is a bill in equity to redeem an estate in Boston from a mortgage made by the plaintiffs on the 5th of October 1848, to secure a note for $4,000, payable to the defendant " in one year, with interest annually." The plaintiff seeks to redeem without any tender of payment, on the ground that the debt secured by the mortgage has been paid.    The ground of this claim is, that Wills brought an action against Sparhawk and wife, the makers of the note and the mortgagors, in the county of Essex, in July 1851, for one year's interest, recovered judgment for $246.96, and took out execution therefor, which was duly satisfied and discharged by the plaintiffs.    The plaintiffs insist that this note was an entire contract, not divisible; that the holder having obtained one judgment on it, that is a merger of the original cause of action; and the debtors having paid the judgment, the mortgage is paid.

This does not profess to be a very meritorious claim; but the plaintiffs insist that it is legal, and satisfies the mortgage debt; and this is the question we have to consider.    Formerly it was doubted whether, on a note payable by instalments, several suits could be brought, because, though there were different payments to be made at different times, there was but one contract; but it was held to import, in legal effect, distinct promises, though expressed in one form of words.    So, on a note payable at the lapse of a term of years, with interest annually; interest alone may be sued for, when due.    So, on a note on demand, with interest annually.    The law has thus been approximating to the construction which best gives effect to the true intent of contracting parties.

Were there distinct promises to pay principal and interest, in the present case ?    We cannot readily perceive any satisfactory

answer to the strict argument of the defendant, founded on Rev Sts. *c.* 33, § 5, allowing three days' grace on a note payable on time. Giving legal effect to that statute, the principal debt was payable at the end of one year and three days, and the interest in one year, and distinct suits might have been commenced accordingly; the promises are several, because the payments are at distinct times, and afford distinct causes of action. And it is a maxim, that to a technical objection a technical answer is good.

But we prefer considering the question upon broader grounds of principle, and inquiring what is the legal effect of a contract to pay money in one year, with interest annually. It is argued that this is the same as a contract to pay a certain sum in one year, with interest at the same time. This would give no effect whatever to the word " annually;" because the promise to pay in one year, with interest, would have precisely the same effect without it. Indeed it is suggested that the word " annually" may be rejected as surplusage; but it seems to us that the words " one year," or any other intelligible and significant words, might be as well rejected; it is an essential part of the contract.

The meaning of the term " annually," as applied to interest, is not an undertaking to pay interest at the end of one year only, but to pay interest at the end of each and every year during a period of time, either fixed or contingent. The debt secured by mortgage was payable in one year; the creditor might then demand it, or the debtor tender and pay it. But the parties might forego thus acting upon their rights, and permit the loan to remain longer—a contingency the more likely to occur, because it was secured by mortgage—then, looking to that contingency, the effect of the contract is, that if, for that or any cause, the principal should not be paid, the interest should be paid at the end of the first year, and so of the second and following years, *toties quoties.*

The question may then recur, how long is interest to be paid; which is easily answered by considering what interest is paid for. It is for the use of capital, in proportion, for a longer or

shorter time; of course, it is to continue so long as such capital is used and enjoyed by the borrower; in other words, till the debt is paid. The contract thus assumes a very simple form : " I promise to pay the debt in one year ; but if I do not, I will pay the interest at that time, and so at the end of each and every year until the debt is paid." Being a promise to pay the debt at one time, and, contingently, to pay the interest at another or some other times, it must be construed as containing distinct promises, giving several causes of action; and these being several in their origin, no subsequent event can make them one and entire. That the holder so treated it is manifest from the record and bill of particulars in the former action—" one year's interest."

It is said this is uncertain, because it does not appear which year's interest, when more than one was due. This is immaterial to the present case, and will properly arise in taking the account to ascertain the amount due on the mortgage.

*Case referred to a master.*

*G. Sparhawk*, for the plaintiffs, cited *Miner* v. *Bradley*, 22 Pick. 457; *Clark* v. *Baker*, 5 Met. 452; *Davis* v. *Maxwell*, 12 Met. 286; 1 Parsons on Con. 31; *Williams* v. *Bagot*, 3 B. & C. 772; *Dunn* v. *Murray*, 9 B. & C. 780 ; *Smith* v. *Jones*, 15 Johns. 229 ; *Farrington* v. *Payne*, 15 Johns. 432; *Phillips* v. *Berick*, 16 Johns. 136 ; *Willard* v. *Sperry*, 16 Johns. 121 ; *Pinney* v. *Barnes*, 17 Conn. 426 ; *Ward* v. *Johnson*, 13 Mass. 150 ; *Badger* v. *Titcomb*, 15 Pick. 409 ; *Whitney* v. *Whitaker*, 2 Met. 270 ; *Warren* v. *Comings*, 6 Cush. 104; *Greenleaf* v. *Kellogg*, 2 Mass. 568; Story on Notes, § 22 ; *Hill* v. *Halford*, 2 Bos. & Pul. 413.

*H. C. Hutchins*, for the defendant.