FOURNET, Chief Justice.
The plaintiff, Alexander C. Lowther, alleging that under a contract effective January 1, 1948, the defendant, Fireside Mutual Life Insurance Company, had engaged1 him as its General Agent and Sales Manager to promote sales of insurance policies in the casualty and burial departments of the company, that as such he was to supervise and direct all sales activities in the various branch offices where funeral directors held district agency contracts, and in lieu of a salary he was to receive a commission of 3% of the gross premiums received by the company on business done-within the State of Louisiana and 2% on-business done outside of the State; that the said contract by its terms was to remain in full force and effect on an annual basis and to “renew itself automatically from year to year,” but that the defendant company had, in December of 1952, breached the contract by notifying plaintiff that his agency contract was being terminated at the end of that year because he was not producing any business — whereas it was the defendant’s action ; in entering into a reinsurance agreement with another company (having the same officers and directors as the defendant), in discontinuing the writing of industrial life insurance and burial policies, and in inducing its various agents to disregard their agency contracts and begin to work for the other company, which had made it impossible for the plaintiff to perform under his agency contract— brought this suit for $286,160, computed on *949 the basis of yearly earnings of $18,000 and a life expectancy of 15.62 years; and he is appealing from the judgment of the lower court dismissing his suit on an exception of no cause of action filed by the defendant.
The basis of the trial judge’s ruling was that five years having elapsed from the effective date of the contract, it was at an end in view of Article 167 of the LSA-Civil Code, declaring that “Persons who have attained the age of majority can not bind themselves for a longer term than five years.”
Appellant, conceding that the above article controls with respect to contracts for personal services, seeks to avoid its application by contending that there was no employer-employee relationship here and that the contract “in essence comprised a joint adventure;” that it was merely an arrangement to continue and to carry out the prior joint undertaking which (according to recitals in the petition) originated in 1932, when plaintiff was one of the parties forming the parent company, the Fireside Mutual Aid Association; that plaintiff’s work and efforts were instrumental in building up the business until, through various mergers and dissolutions, he finally owned 50% of the stock in defendant’s immediate predecessor, which interest he transferred to the defendant upon its organization in 1937 — when he was one of the incorporators, was named to the first board of directors, and held the office of secretary. To discount an employer-employee relationship, plaintiff points to the fact that the contract provided he was to receive no salary but only his expenses, and the “commission of three per cent, on the gross premiums received by the said Company” in reality. represented half of the company’s net yearly earnings, since the said net earnings were, calculated at approximately 6% of the gross annual premiums..
The above contentions are totally without merit; not only does the contract clearly show that it is one simply, for personal services, but the petition is so drawn that it is impossible to interpret its allegations in any way except as an action for breach of a contract of employment having an indefinite term, the first five years of which had elapsed. In view of the provisions of Article 167 of the LSA-Civil Code, quoted supra, the plaintiff has failed to state a cause of action and his suit was properly dismissed. Counsel’s .'assertions that Article 167 no longer fits modern living and employment situations, and has been repealed by inference- and implication because the various laws having to do with teachers’ tenure and civil service have repealed all laws or parts of laws in conflict therewith, are not supported by citation of authority and do not merit serious comment.
For the reasons assigned, the judgment appealed from is affirmed.
PONDER, J., absent