224 So.2d 183 (1969)
D. Bailey THAXTON, Plaintiff-Appellant,
v.
Frank J. ROBERSON et al., Defendants-Appellees.
No. 2733.
Court of Appeal of Louisiana, Third Circuit.
June 12, 1969.
*184 John Makar, Natchitoches, for plaintiff-appellant.
Bethard & Bethard, by Henry W. Bethard, III, Coushatta, for defendant-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
The plaintiff's suit against three defendants was dismissed upon a peremptory exception pleading both no cause of action and prescription. The plaintiff appeals.

Pleadings
The petition demands a monied judgment against (1) Frank J. Roberson, (2) Petrolane Gas Company, Inc., and (3) Mobil Oil Corporation. It further demands an accounting from the defendant Roberson of "all net proceeds of stock, and other benefits he may have received which properly belong to plaintiff."
The suit is based upon a written contract entered into between Thaxton, the plaintiff, and the defendant Roberson on October 25, 1945.[1] According to the terms of the contract, which is annexed to the petition, *185 Thaxton was to manage a business owned by Roberson and another. For these services. Thaxton was to receive one-third of the net profits, as calculated according to detailed specifications in the agreement. He was also to draw a monthly allowance against his share of the profits.
Under the allegations of the original and amended petitions, Roberson did not account to Thaxton nor pay him for his one-third of the profits, but he instead declared that the profits should be plowed back into the business. The petition does not negative that this was done then with the consent of the plaintiff Thaxton (although the petition is open to the construction that at some later date the plaintiff did make repeated amicable demands upon Roberson to settle with him for his share of the business).
The further allegations of the petitions show: The original business entity owned by Roberson changed its name to the "S. & R. Gas Company". Roberson bought out the interest of his partner in this entity and assumed all obligations. Without consulting the plaintiff or purchasing his interest, Roberson later transferred and delivered the assets of the S. & R. Gas Company to the Petrolane Gas Company, Inc., a defendant. Subsequently, the Petrolane Gas Company, Inc., was either purchased by or transferred to the Mobil Oil Corporation, and is now operated as a subsidiary thereof.
The amended petition finally alleges that Roberson "fraudulently conveyed plaintiff's interest in and to the company holdings while fraudulently assuring petitioner that his interest was being plowed back into the company."

(1)
Our trial brother correctly sustained the exceptions of no cause of action to the plaintiff Thaxton's demands against Petrolane and Mobil. Construed most favorably to the plaintiff, they simply show that Petrolane purchased Roberson's business, and that Mobil then acquired Petrolane. We are referred to no legal authority by virtue of which these purchasers would be liable for debts owed by Roberson or owed by the business owned by him.
The plaintiff does cite LSA-R.S. 12:51(E) (1950) (now codified as 12:115(E), by the 1968 business corporation law). This enactment provides that the merger of corporations shall not affect the rights of creditors or any of the corporations so consolidated. However, this provision is not applicable to the present facts; for the transaction here alleged does not constitute a merger or consolidation.

(2)
Our trial brother also sustained Roberson's exception of no cause of action to the plaintiff Thaxton's claim of his share of the profits beyond the first five years of the contract. (The trial court also sustained a plea of prescription as to the claim for the first five years' profits, 1945-50). The court relied upon LSA-Civil Code Article 167: "Persons who have attained the age of majority can not bind themselves for a longer term than five years." [2]
The court reasoned that the present indefinite employment contract was valid only for five years, so therefore the plaintiff was not entitled to compensation under it for more than the first five years following its execution in 1945. In so holding, our trial brother fell into error.
The Code article in question was intended to prevent the binding of an employee for a longer term than five years. Its purpose, however, is to protect the employee from a binding contract for a longer term (Note, 23 La.L.Rev. 553 (1963); *186 Note, 13 Tul.L.Rev. 467 (1939); Note, 9 Tul.L.Rev. 444 (1935); Shaughnessey v. D'Antoni, 100 F.2d 422, CA 5, 1938; cf., Pitcher v. United Oil & Gas Syndicate, 174 La. 66, 139 So. 760 (1932)), note to deprive him of compensation for services rendered past five years. Thus, an employee may recover for services already performed past the fifth year on a longer-term contract, even though he may not hold the employer liable for termination of the employment contract after five years of its term has expired. Shaughnessey v. D'Antoni, cited above.
The defendant Roberson relies upon Lowther v. Fireside Mutual Life Ins. Co., 228 La. 946, 84 So.2d 596 (1955), Page v. New Orleans Public Service, 184 La. 617, 167 So. 99 (1936), and Smith v. Sohio Petroleum Co., 163 So.2d 124 (La.App.3d Cir., 1964). These decisions hold that an employee has no cause of action for future wages or for a breach of a long-term or lifetime employment contract, when the employer discharges him after five years.
These decisions concern only an employee's non-right to continued employment beyond five years under the contract, and the non-liability of an employer for failing to continue the employment beyond the five-year term. They are not determinative of whether an employee who has performed for longer than five years under a contract must be deprived of compensation for past performed services under the contract.
We therefore find our trial brother was in error in sustaining the exception pleading no cause of action to the claim of the plaintiff Thaxton against the defendant Roberson. An exception of no cause of action is to be overruled when the allegations of the petition, most favorably construed in favor of the pleader, disclose a cause of action. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir., 1967).

(3)
The defendant Roberson also filed an exception pleading the liberative prescription of ten years under LSA-Civil Code Article 3544. This enactment provides: "In general, all personal actions, except those before enumerated, are prescribed by ten years."
The party filing a plea of prescription has the burden of producing sufficient evidence to substantiate the plea. Succession of Thompson, 191 La. 480, 186 So. 1 (1938); Foster v. McLane, 198 So.2d 463 (La.App.3d Cir., 1947).
The pleadings show no dates of the various transactions relied upon. So far as the pleadings are concerned, that is, the events referred to following the execution of the 1945 contract could have taken place within the ten-year period.
The minutes do show that a hearing was held on the exceptions. At this hearing, the pleader was entitled to produce evidence to prove the grounds of the plea of prescription. LSA-CCP Article 931.
However, this was not done. The amended minute entry shows that, instead: "Exceptors offered to place on witness stand, witnesses in support of the Exceptions. Upon suggestion by the Court, Counsel for both parties agreed that in lieu of testimony of the witnesses, they would submit a narrative of facts."
The absence of this narrative from the record filed with the appellate court was called to the attention of counsel after argument here. We were informed: "This stipulation or narrative was never agreed to by the parties and was never filed so the record is complete without it."
Under the circumstances, we do not feel we can pass upon the merits of the plea of prescription.
*187 The stipulated narrative of facts is absent from the record, but its absence is not shown to be the fault of the exceptor. We initially considered remanding the case for completion of the record by the stipulation of facts or otherwise. LSA-CCP Article 2164. Ultimately, we conclude that, to do so, might produce indefinite prolongation of the litigation if the parties continue to fail to agree to the stipulated narrative of facts in question. (Since the trial court itself did not hear the witnesses, it is doubtful that the judge would have the authority to make such written narrative, LSA-CCP Article 2131, should the parties fail to agree upon one.)
We therefore have decided to set aside the judgment sustaining the plea of prescription, without prejudice to the defendant Roberson, to reset same for trial upon such evidence as might be introduced or upon such narrative of facts as might be agreed to.
Decree.
For the reasons set forth above, we therefore affirm the dismissal, through the exception of no cause of action, to the plaintiff's demands against the Petrolane Gas Company, Inc. and the Mobil Oil Corporation; but we reverse the judgment sustaining the exception of no cause of action to the demand filed against the defendant, Frank J. Roberson, and we set aside the judgment sustaining the exception of prescription to said demand filed by said defendant Roberson.
We remand this case for further proceedings consistent with the views above expressed. The costs of this appeal are to be paid one-half by the plaintiff Thaxton and one-half by the defendant Roberson; all other costs are to await the final disposition of the case.
Affirmed in part; remanded in part.
NOTES
[1] Originally, Roberson's partner, A.L. Stephens, was a co-obligor; but, under the allegations, Roberson bought the interest of Stephens and assumed all obligations of the business.
[2] This provision was amended in 1964 to permit contracts up to ten years.