FRANCIS J. MCSORLEY *vs.* TOWN OF HANCOCK & another.[1]

Berkshire. November 14, 1980. — March 13, 1981.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Eminent Domain*, Injury to property without taking, Damages. *Damages*, Eminent domain. *Res Judicata.*

A landowner who had been awarded damages for a taking by eminent domain in 1969, which included compensation for the land taken, for a drainage easement, and for damages resulting from the building of certain additional drains which caused water to flow onto the plaintiff's remaining land, was not barred by that action from recovery in a second action brought for damage to the land after reconstruction work to redirect the flow of surface water was undertaken by the town and the Commonwealth in 1975, for which an additional strip of land and a temporary construction easement were taken and which resulted in additional flooding of eight acres of the plaintiff's land, where it was clear that the 1975 reconstruction project constituted a second independent taking and a new public improvement and where there was no showing that damages for the flooding or potential flooding of the eight acres were determined in the prior action. [566-570]

CIVIL ACTION commenced in the Superior Court on August 20, 1975.

The case was heard by *Simons, J.*

*W. Stanley Cooke* for the plaintiff.

*David O. Burbank* for the town of Hancock.

*Howard R. Palmer,* Assistant Attorney General, for the Commonwealth.

DREBEN, J. The question before us is whether the plaintiff is precluded from recovering damages from the town of Hancock (town) or the Commonwealth in this eminent do-

---

[1] Commonwealth of Massachusetts.

main action by reason of a prior judgment against the Commonwealth. We hold that he is not barred.[2]

We relate the facts as found by the trial judge and as supplemented by undisputed evidence. The plaintiff is the owner of a dairy farm which was bisected by a taking by the Commonwealth in 1969 to build a relocation of Route 43 in Hancock. Dissatisfied by the award of the Commonwealth (see G. L. c. 79, § 6), the plaintiff brought an action which resulted in a settlement, and after a pro forma hearing before a Superior Court judge, in a judgment. The judgment, which was entered in 1973, included compensation not only for the land formally taken by the Commonwealth for the highway and for one drainage easement, but also included an award for damages resulting from the Commonwealth's building of certain additional drains which caused water to flow on the plaintiff's remaining land.[3] In December, 1973, after the highway was completed, the Commonwealth conveyed the road to the town.

In 1974, part of the slope leading from the newly constructed highway began to slide, causing large portions of fill to fall on the plaintiff's land. The Commonwealth designed corrective measures to reconstruct the slope and redirect the water by building a series of rock filled channels through which water could flow. The town, in 1975, took a strip of land and a temporary construction easement for this reconstruction project which was designed and performed by the Commonwealth.[4] The slope restoration and

---

[2] The plaintiff is now entitled to appellate review as the parties waived a jury trial. See and compare *Haufler* v. *Commonwealth*, 372 Mass. 527, 528-530 (1977).

[3] The 1969 documents showed a taking of only one drainage easement. The amended pleadings and the transcript of the pro forma hearing in the prior action reveal that, in fact, there were five drain pipes and a cattle pass through which water passed onto the northerly part of the plaintiff's land.

[4] A companion case brought by the plaintiff, which was tried together with this action, sought compensation for this taking. The judgment entered in that case did not purport to include the injury for which damages are sought here.

channeling of the surface water resulted in additional flooding of the plaintiff's remaining land "rendering such portions of the land useful only for pasturing his dairy cows, and no longer useful for the growing of crops." The judge found that eight acres were lost to the plaintiff for the use of growing crops and that if he were entitled to be compensated for the partial loss of those eight acres, he would receive $4,800. However, the judge entered judgments of dismissal in favor of both defendants because he ruled "that plaintiff cannot recover in this action because all of the elements for which he is now seeking compensation were within the contemplation of the parties at the time of the settlement for the 1969 taking." We take the judge to have meant by this ruling that the plaintiff is barred in this action under the principles of prior adjudication.[5] We do not agree.

The defendants, the parties relying on preclusion, have the burden of establishing that the prior litigation precludes the present claim. *Butler* v. *Martin,* 247 Mass. 112, 118 (1923). *Watson* v. *Berman,* 302 Mass. 305, 307 (1939). *Cochrane* v. *Cochrane,* 303 Mass. 467, 472 (1939). Restatement (Second) of Judgments § 68, Comment f (Tent. Draft No. 4, 1977). They must establish either: (1) claim preclusion, namely, that if both actions were brought for the same claim or cause of action, the judgment in the former action binds the plaintiff upon all issues that were or might have been litigated therein; or (2) if the claims in the two suits are not identical, issue preclusion, namely, that the issue sought to be precluded in the present action is one which was actually litigated and determined in the prior action, *Watson* v. *Berman,* 302 Mass. at 307, and was essential to the judgment entered therein. *Wishnewsky* v. *Saugus,* 325 Mass. 191, 195 (1950).

---

[5] At the time of the dollar settlement which was reflected in the judgment, the parties entered into no written agreement, and there is no evidence that the plaintiff or the Commonwealth intended the recovery to preclude a recovery for any subsequent public improvement.

The defendants attempt to sustain the judgments by arguing that the plaintiff was awarded damages in the former action for injury to the eight acres which he claims were flooded by the 1975 improvements. Their argument appears to be that since the plaintiff claimed in the prior action that his land was rendered incapable of being farmed, and was awarded damages for such injury, he cannot now relitigate that question. Therefore, he cannot now urge that the damages or potential damages which were determined to have occurred in 1969 occurred in 1975. We think, after examining the pleadings and the transcript of the prior proceedings (an exhibit in this action), that the defendants have shown neither claim nor issue preclusion.[6]

1. *Claim preclusion.* The prior action was brought to recover damages for the 1969 taking and the public improvements for which that taking was made. These included all the damages caused to the remainder of the plaintiff's land by the construction and maintenance of certain drains. G. L. c. 79, § 12.[7] See *Fowle* v. *New Haven & Northampton Co.*, 112 Mass. 334, 338-339 (1873); *Massachusetts Turnpike Authy.* v. *Perini Corp.*, 349 Mass. 448, 453 (1965). For purposes of claim preclusion, that action determined all damages, both past and future, resulting from the 1969 taking or the public improvements, even if the Commonwealth did not utilize the rights it obtained until a later time. See *Brady* v. *Fall River*, 121 Mass. 262, 264 (1876); *Flagg* v. *Concord*, 222 Mass. 569, 571-572 (1916); 4A

---

[6] For purposes of this discussion, we do not consider whether a prior judgment entered after settlement has less preclusive effect for purposes of issue preclusion than have other judgments. See generally, James, Consent Judgments as Collateral Estoppel, 108 U. Pa. L. Rev. 173 (1959); Restatement (Second) of Judgments § 68, Comment e (Tent. Draft No. 4, 1977).

[7] That statute, as amended through St. 1959, c. 626, provides in relevant part: "The damages for property taken under this chapter shall be fixed at the value thereof before the recording of the order of taking, and in case only part of the parcel of land is taken there shall be included damages for *all* injury to the part not taken caused by the taking or by the public improvement for which the taking is made" (emphasis supplied).

Nichols, Eminent Domain § 14.241(3) (rev. 3d ed. 1979). Also, even if the damages now being sought were an unanticipated result of the 1969 taking, or if the parties were in error or had insufficient information about the 1969 damages, the parties (or their representatives) would be barred from any claim for damages from the 1969 taking. Restatement (Second) of Judgments § 61.1, Comment b on clause (a) (Tent. Draft No. 5, 1978).

We do not view the plaintiff's claim in the present action as one for damages for the 1969 taking. While the judge did not make a finding in such express terms, we think it clear from the evidence, and from his findings concerning the extensive corrective measures undertaken by the defendants in 1975, that the reconstruction constituted a second independent taking and a new public improvement. *Snow* v. *Provincetown*, 109 Mass. 123, 125 (1872). *Albro* v. *Fall River*, 175 Mass. 590, 592 (1900). See *Holbrook* v. *Massachusetts Turnpike Authy.*, 338 Mass. 218, 222-223 (1958). The 1975 reconstruction was not within the scope of the drainage easements which the Commonwealth had previously acquired by reason of the prior taking and judgment, nor, as put in some early cases, was it "necessary to and contemplated" in the original project. See, e.g., *Lane* v. *Boston*, 125 Mass. 519, 520 (1878); *Snow* v. *Provincetown*, 109 Mass. at 125; *Ryan* v. *Boston*, 118 Mass. 248, 250 (1875). The formal taking in 1975 of an additional strip of land and a temporary easement supports this conclusion. See note 4, *supra*. Contrast *Cole* v. *Boston Edison Co.*, 338 Mass. 661, 668-669 (1959) (one project involving two takings). We hold, therefore, that the present action which seeks damages for an independent 1975 taking is not barred under the principles of claim preclusion.

2. *Issue preclusion.* The plaintiff's claim for damages because of the flooding of the additional eight acres is also not barred on the principles of issue preclusion. Those principles apply "where it is plain that an issue attempted to be raised in the second case was the same issue which was so necessarily involved in the first action that the judgment

which was entered therein could not possibly have been entered on any ground other than that this issue was adjudicated adversely to the party later attempting to present it." *Wishnewsky* v. *Saugus*, 325 Mass. at 195. This is a strong statement and issue preclusion requires that "the determination to be carried over shall not only have been litigated in the first action, but shall have been essential to the judgment in that action." *Rudow* v. *Fogel*, 376 Mass. 587, 591 (1978). Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977).

The defendants have not shown that a finding of flooding or potential flooding of these eight acres was essential to the former judgment. To the contrary, the record of that action does not provide us with "enough reliable information available from which to ascertain what elements of . . . damages [to the remainder of the land] were included" in the prior judgment. *United States* v. *2,997.06 Acres of Land*, 471 F.2d 320, 335 (5th Cir. 1973). In the case cited, the issue on appeal was whether a canal authority had acquired the right to flood a parcel of land by reason of a judgment in a prior State eminent domain proceeding. If the authority had acquired such rights, it would be entitled to a portion of the award made to the landowner in a subsequent Federal condemnation proceeding involving the taking in fee of the same parcel. The court held that the authority was not entitled to any portion of the Federal award because it could not be determined which of the several elements of damage[8] were included in the jury award in the prior State action.

Similarly here, the plaintiff in the former action sought many elements of damages, including an amount for the parcels actually taken, for the drainage easement formally taken, for injury to the remaining land on each side of the

---

[8] The award in the prior proceedings included damages for a taking in fee as well as damage to the remaining land. The evidence focused on several elements of damage to the remaining land, one of which was potential flooding. The others were loss of access, damage to remaining, timber, loss of waterfront, and impairment of access. *Id.* at 334.

highway, for lack of access, as well as for damages on account of water which ran onto a portion of the plaintiff's remaining land. The elements which went into the award cannot be ascertained. The award was for $11,500 (plus interest and costs), although the damage testified to by the plaintiff's expert at the pro forma hearing was $22,000. Moreover, and perhaps even more important, it is not clear that the eight acres in question were damaged by water at all,[9] and there is no suggestion that the plaintiff sought damages for, or that evidence was introduced to prove, potential, as contrasted with actual, flooding. In these circumstances, the defendants have fallen far short of showing that damages for flooding or potential flooding of the eight acres were determined, let alone were an essential element, in the prior judgment.

3. *Other matters.* The plaintiff is, therefore, not barred,[10] and is entitled to compensation for the second taking and the reconstruction project as authorized by statute. G. L. c. 79, §§ 1, 12. G. L. c. 83, § 4. *Kane* v. *Hudson,* 7 Mass. App. Ct. 556, 559-560 (1979). Contrast *Callender* v. *Marsh,* 1 Pick. 418, 432 (1823). The amount is governed by G. L. c. 79, § 12, and is measured by the value of the land taken in the 1975 taking, see note 4, *supra,* and the injury caused by the taking and the new public improvements. See note 7, *supra.* The judge found $4,800 to be the amount of damage caused by the 1975 public improvements to the remaining land of the plaintiff. We hold, therefore, that the plaintiff is entitled to $4,800.

---

[9] There was evidence that a minimum of 100 feet by 1900 feet (190,000 sq. ft., approximately four and one-half acres) were rendered unusable for growing crops. It appears, although it is not certain, that these four and one-half acres are not part of the eight acres referred to by the judge.

[10] We note that the Commonwealth could easily have protected itself from any uncertainty in the scope of its easements. Once it became apparent that its original order of taking did not conform to its actual construction needs, the Commonwealth could have made a supplementary taking setting forth the easements acquired. Moreover, at the time of the prior judgment, a release indicating the scope of the drainage easements could have been obtained.

The claim of the Commonwealth that the plaintiff's action is barred by the statute of limitations is without merit. The amended complaint, which added the Commonwealth as a party, relates back to the time of the original complaint. Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974). *Bernier* v. *Boston Edison Co.*, 380 Mass. 372, 389 (1980).

Accordingly, the judgments dismissing the plaintiff's action against both the town and the Commonwealth are reversed, and the action is remanded to the Superior Court for further proceedings not inconsistent with this opinion.[11]

*So ordered.*

---

[11] Remaining to be tried, inter alia, are the issues raised in the town's third-party complaint seeking recovery against the Commonwealth for any amounts for which the town is found to be liable. In this appeal, the Commonwealth has not raised any claim that it is not liable if the plaintiff is entitled to recover.