Larkin, J.
This case raises the question of whether a subsequent action on a contract is barred by considerations of issue preclusion when two promissory notes that were arguably executed as part of the “same transaction” are overdue and an action is sought to be brought on the second note after the plaintiff has secured judgment on the first note.
The factual background out of which the res judicata assertions arise is as follows.
In the trial court, the plaintiff brought an action of contract seeking to recover the sum of $11,958.63, the balance assertedly due on a promissory note of a corporation personally guaranteed by the defendant. At trial, the defendant admitted the execution and delivery of the promissory note and the personal guaranty which are the subject of the present action. The record disclosed that on August 10,. 1981, the plaintiff was a stockholder and president of the subject corporation. On that date, the corporation caused a note to be executed payable to the plaintiff in the amount of $11,650.00. Later, on September 4, 1981, the defendant purchased all of the stock in the corporation. For this stock the plaintiff received cash in the amount of’ $2,000.00 and a note in the amount of $13,000.00. He also received a guaranty by the defendant that the August 10,1981 corporate note would be paid in due course.
The corporate note, by its terms, provided that the corporation would pay the plaintiff the sum of $710.45 on the 10th day of each month, commencing September 10, 1981, until the note was paid in full. This note signed by the plaintiff as maker provided that the defendant would pay to the plaintiff the sum of $700.00 per month, commencing October 1,1981, which was to be paid the first of each month thereafter until paid in full.
The record discloses that on September 21, 1982, both the corporate note and the individual defendant’s note were not being paid according to their terms. On that date, the plaintiff filed an action in Springfield District Court (Civil Action #82C-2197) against the defendant on the defendant’s individual note. (A copy of the note which was the subject of that action was attached to the complaint as an exhibit). (Exhibit “E”). Thereafter, an Agreement for Judgment, signed by the parties’ attorneys, was filed with the Court. The Execution in that action which issued in favor of the plaintiff has been satisfied in full.
After the action on the defendant’s note had resulted in execution being *145 satisfied in full, the plaintiff brought the instant action on the personal guaranty of the corporate note. The only payments received by the plaintiff on the corporate note totalled $4,973.15. (R.3). The principal amount plus interest accrued owed to the plaintiff totals $11,958.63. (R.l).
As indicated, the defendant asserted the defense of issue preclusion and the trial court, accepting this contention, ruled that the plaintiff was barred from bringing the instant action (on the personal guarantee) because the court deemed the second note part of the same cause of action that had been* the subject of the prior adjudication. It is this ruling which presents the sole question here on appeal.
The doctrine of what has now come to be referred to as “issue preclusion” (formerly res judicata) requires that once a court having competent jurisdiction over the parties renders a valid and final personal judgment, those parties are precluded from relitigating the same claim in a subsequent proceeding. Wright Machine Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974). The conceptual underlay which girds this doctrine assumes that efficient judicial administration requires that courts should not be burdened adjudicating the same claims in a multiplicity of actions. Id. This policy assures that there will be an end to litigation.
It is well settled that a party cannot circumvent this rule by the ploy of splitting or “disguising” an essentially unified claim into alternative and successive causes of action. At bottom, the essential elements in determining whether two actions represent the “same claim” are identity of factual' complex and issues, and the same parties. Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981). To determine whether claims are identical it is necessary to inquire into the “commonness of facts” upon which successive actions rest and whether the evidence required to establish a claim or defense in the second action was required to establish a claim or defense in the first one. Bradford v. Richards, 11 Mass. App. Ct. 595, 599 (1981). Because it is often difficult to determine whether two actions are identical, courts have had to strike a balance between the twin goals of bringing litigation to a close and insuring the ultimate vindication of just claims. Roche v. Roche, 22 Mass. App. Ct. 306, 311 (1986).
The determination of “(w)hat factual groupings constitute a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage.” RESTATEMENT (SECOND) OF JUDGMENTS, Section 24. In the interest of judicial economy, there must be reasonable flexibility in determining whether related claims constitute an identical cause of action while at the same time accomplishing ajust result. Cf. Diversified Mortgage Insurance Investors v. Viking General Carp., 16 Mass. App. Ct. 142, 151 (1983).
In this case, plaintiff argues that the promissory note of the defendant which was the object of the suit brought by the plaintiff in 1982 and the guaranty of the defendant sued upon here in the “second action” constitute conceptually separate causes of actions. His argument is grounded on the contention that the two instruments represented distinct promises and therefore the previous action should not be deemed a bar to the instant action. Sparhawk v. Wills, 72 Mass. 163 (1956); Wood v. Carl, 45 Mass. 203 (1842).
Accordingly, the plaintiff argues that since the previous lawsuit of the parties did not include the self-same cause of action upon which liability is *146 sought to be based in the subsequent action, then there should .be no bar by prior adjudication or issue preclusion.
On the other hand, the defendant claims that both parties entered into a single contract for the purchase and sale of the corporation and there was no indication that the parties intended the sale to be treated as a divisible contact. Furthermore, he contends that since both the personal note and the guaranty were based on the initial transaction and were not independent agreements, the plaintiff should be precluded from bringing suit on the same note because, in practical effect, it arose from the same transaction.
According to the RESTATEMENT (SECOND) OF JUDGMENTS, “(w)hen a plaintiff recovers a valid and final personal judgment, his original claim is extinguished and the rights upon the judgment are substituted for it.” The plaintiffs original claim is said to have “merged” into the judgment. This is true regardless of how the judgment was rendered. RESTATEMENT (SECOND) OF JUDGMENTS, Section 18, comment (a).
As intimated above, in order to determine whether a claim is extinguished, it is necessary to inquire into the “commonness of the facts” upon which the successive actions rest. “Common nucleus of operative facts” is the phrase most typically used in defining the scope of the transaction and in determining the limitation of claims. “Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation and whether taken together they form a convenient unit for trial purposes. RESTATEMENT (SECOND) OF JUDGMENTS, Section 34, comment (b).
SECTION 24 OF THE RESTATEMENT OF JUDGMENTS defines “claim” to include: “all remedial rights of the plaintiff against the defendant growing out of the relevant transaction or series of connected transactions.” Again, a “pragmatic standard” is to be applied to define transactions with emphasis on the facts of the case. Underlying this is the need to balance the interests of both sides to the litigation as well as the interests of the courts. Specifically, courts are advised to be vigilant to the interests of the plaintif in being compensated for valid losses, as well as to the interests of defendants and the courts in the finality of judgment and judicial economy. The necessity for expedition in the court system is a major factor and, therefore, if there is a substantial overlap of witnesses or evidence in the second action, then the second action should be precluded. Id.
The RESTATEMENT OF JUDGMENTS recognizes that there are exceptions to the general rule of extinguishment of claims and merger in the judgment. For example, a plaintiff is not precluded from maintaining another action when ajudgment for the defendant is found on the basis of lack of jurisdiction, improper venue, or nonjoinder of parties. RESTATEMENT at Section 17 comment (c). However, since none of those issues are present in this case, the only issue to be decided here is whether the individual note and the guaranty of the corporate note represent different causes of action.
As noted above, the plaintiff in this action contends that the two notes represent separate claims and therefore he was not required to bring just one action to recover on both notes. The plaintiff supports this assertion by indicating that in the first instance the defendant was the maker of the promissory note to the plaintiff, whereas on the second note the defendant was merely the guarantor of a note which was signed by the corporation as maker. Furthermore, plaintiff argues that because the notes were executed on separate occasions; and because the number of installments to be paid on the two notes differed and, finally, because the dates on which the installments *147 were due differed, then they were clearly “not unified in one transaction.”
In addressing this issue, we note at the outset that Massachusetts courts have permitted claims to be split when tfie fundamental facts to be proven in each case are substantially different. Bradford v. Richards, 11 Mass. App. Ct. 595 (1981). In Bradford, the Massachusetts Appeals Court allowed the plaintiff to split his claim against the estate of his landlord. The first action sought the validation of a will which would have given the plaintiff a fee interest in the landlord’s home while the second action was brought to recover the fair value of services rendered to the landlord. The court found that the facts alleged by the plaintiff as to his services rendered were tangential to the questions of the genuineness and legal sufficiency of the document purporting to be the will of the deceased. Therefore the court allowed the plaintiff to bring one action to validate the will and a second suit to recover lost wages. Bradford v. Richards, 11 Mass. App. Ct. 595, 598 (1981).
It was evident in Bradford that the fundamental facts to be established in connection with the first claim were substantially dissimilar from the facts to be established in the second claim. However, as an initial proposition, it is less than clear in the case at bar whether or not the fundamental facts to be established in each claim are conceptually dissimilar.
Obviously, the difference between signing an initial note as a maker and signing a second note as a guarantor of a note is not as great as the two actions brought in the Bradford case. The fundamental facts to be proven in the present case involved two similar contractual agreements, whereas in Bradford two legally distinct issues were raised.
However, Massachusetts Courts have also held that a second action maybe brought when it appears that additional damages have been incurred subsequent to the institution of a similar prior action. McSorley v. Hancock, 11 Mass. App. Ct. 563 (1981). It has been held that ajudgment in a prior action on an installment note does not bar a subsequent action for installments accruing after the prior action was instituted. Watson v. Berman, 302 Mass. 305 (1939). Furthermore, a second action is not precluded when there is a continuing trespass or nuisance. Bonifazi v. Breschi, 296 Mass. 544 (1937).
In McSorley v. Hancock, supra, the Appeals Court held that a town’s reconstruction of a road on the property of the plaintiff, who had received payment previously under the eminent domain statute, represented a second independent taking and thus the plaintiff was not precluded from bringing the second action. The court found that the plaintiffs second action did not arise as one for damages for the original taking, therefore, the second claim constituted a new cause of action independent of the first claim.
Again, however, in the present case the factual scenario differs from that in McSorley. The plaintiff in the present case sustained all of his losses as a result of defendant’s failure to pay on either note as agreed. The defendant’s breach occurred at the moment when the notes became due and were not paid. The plaintiff did not sustain “additional” damages after judgment on the first claim was entered in his favor. Therefore the plaintiff may not simply rely on McSorley for support for the theory that a second claim may be brought after judgment has been rendered on a first claim.
However, further review of the Massachusetts precedents disclose that Massachusetts Courts have allowed a second claim to be brought under circumstances similar to the case at bar. In an action to recover for default on several notes, the court held that a prior judgment is not abar to a subsequent action. Vanuxem v. Burr, 151 Mass. 386, 389, 24 N.E. 773 (1890).
In Vanuxem, the defendant was the maker of three notes of which the *148 plaintiff was the holder. In addition, the defendant agreed to procure an indorser for the notes. The plaintiff brought suit for breach of contract for the failure to procure proper indorsers for the notes. Judgment was entered for the plaintiff and he then instituted a second suit for failure to make payment on the notes. The court held that the initial judgment did not bar the second suit. The court stated that: “(g)enerally if a man is content to make two legally binding contracts, he consents to accept the legal consequences of making two instead of one; namely, liability to ajudgment upon each unless he performs it.” Id. at 389.
The court found that the mere recovery of ajudgment is no bar to another action, although the satisfaction of it would be. Id. at 388. The court went on to state that: “(t)his principle is applied, not only to actions against different parties, such as the maker and indorser of a note, or joint tortfeasor, but to actions against the same individual when he has given different obligations in respect of what is in substance the same debt.” Ajudgment upon a note given by an obligor as collateral security for his bond is no bar to a subsequent action upon the bond. Vanuxem at 389, citing Lord v. Bigelow, 124 Mass. 185, 189.
More recently, the Massachusetts Appeals Court has allowed a second claim to be raised in a situation where both cases stemmed from the same transaction. Roche v. Roche, 22 Mass. App. Ct. 306, 310 (1986). In Roche, during the pendency of a divorce proceeding, the wife brought an action in Superior Court to set aside a conveyance of the marital home by. a mortgagee of the property at a public foreclosure. Evidence was introduced to establish that the husband had conspired with a friend to buy the home at the foreclosure sale in an attempt to exclude that property from the list of marital assets to be distributed in the divorce proceeding.
. The court did not preclude the wife’s second claim stating that the husband should not benefit by the rule of claim preclusion when it was clear that he took steps to assure the exclusion of the claim from the prior litigation. Roche at 311. The court also supported its decision by indicating that the target of the first and the second claim differed. The action in the first case was directed at the mortgagee, while the target of the second action was the husband and his friend. Id.
Although there may not be facts in the present case which indicate that the defendant took steps to preclude a second suit on the guaranty of the corporate note, it can be argued, and the court held, as in Vanuxem, that separate actions may be brought when two notes are present in one transaction.
A review of the cases shows that consonant with ordinary business practice, when consideration is given as part of one transaction for a series of promissory notes, the obligation to make each payment is considered separate fromjhe others and judgment can be obtained on any one or a number of them without affecting the right to maintain an action on the others. RESTATEMENT (SECOND), Section 24, comment (d). The fact that the consideration is indivisible will not preclude bringing a separate cause of action for each installment in the series. English v. English, 9 Cal. 2d 358, 364, 70 P.2d 625, 628 (1937); See also Robbins v. Smith, 495 So.2d 577 (Ala. 1986). (Subsequent action on installment payment not due in first action is not res judicata).
The obligation to pay interest and principal on a promissory note has been construed as a single contract with distinct promises. Sparhawk v. Wills, 72 Mass. 163(1856). An action on the interest will not bar a subsequent action on the overdue principal amount. First National Bank of Hollywood v. Freedman, 224 So. 2d 183 (Fla. 1971). In Freedman, after two promissory notes became *149 due and payable, the bank sought recovery only for the accrued interest. A subsequent action for the principal was held not to be barred from the prior •action for the interest. Id. The court noted that the obligations to pay interest and principal were distinct agreements that could be enforced separately at the option of the holder. Id. It is evident that there can be several distinct causes of action even if they relate to the same transaction. But cf. Fluhr v. Allstate Insurance Company, 15 Mass. App. Ct. (1983). (‘The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act or agreement, and seeks redress for the same wrong.”)
In the present case, upon a consideration of the entire record and the generality of the precedent, it seems to us that the second action on the guaranty is not barred by the prior adjudication on the September personal promissory note. It is clear that there is indeed a commonness of facts between the note and the personal guaranty. Both involved the sale of the business and were between the same parties. See Bradford at 600. However, we conclude that, in legal contemplation, the note and the guaranty are separate legal documents with distinct agreements. As in Freedman, both notes were in default at the same time yet the plaintiff decided to bring two causes of action. Moreover, there was more of a commonness of fact in Freedman than here because that case involved a subsequent action on the principal in which there was a prior adjudication on the same note for the past due interest. In this case there is no overlap of evidence because the actions in addition to being on separate agreements were actions on different legal documents. The rights, duties and obligations of a promissory note and personal guaranty materially differ.
The defendant relies heavily on Fluhr, supra for the proposition that a statement of a different form of liability is not a different cause of action provided it grows out of the same transaction. Fluhr is inapposite because it involved a subsequent action to collect on the same fire loss covered by the same insurance policy. In the present case, the plaintiff is trying to recover from a different legal wrong than was adjudicated in the prior action. He is trying to recover on a personal guaranty which is a separate obligation.
It is clear that if the guaranty was not in default until after the judgment on the personal note, an action for recovery would not be barred by res judicata. See Robbins at 579. It would seem to be an anomalous result that the mere timing of the default would determine whether an action is extinguished. It should not matter that both notes were in default at the same time. Because the personal guaranty and the note are not identical causes of action, the plaintiff did not split his claim by bringing two separate suits and the present suit should not be barred on grounds of issue preclusion. In sum, we hold that the action on the personal guaranty is a distinct and separate claim. Although the note and the guaranty were negotiated as part of the same transaction, they are legal documents with separate and distinct connotations. Therefore, the prior adjudication on the note should not preclude the present action on the guaranty.
For the foregoing reasons, we believe that the trial judge was in error in reaching a contrary conclusion. Accordingly, the case should be remanded to the trial court for further proceedings not inconsistent with this Opinion. It is so Ordered.