Lauriat, Peter M., J.
The legal saga of the Big Dig continues. In these consolidated actions, the plaintiff, Perini-Kiewit-Cashman Joint Venture (“PKC”), has appealed from the CA/T Project Director’s decisions as to the arbitrability of PKC’s Mainline and MBTAImpact Claims, No. 2009-0795-BLS1 and NO. 11-1593-BLS1 (respectively, the “Mainline Claim” and the “MBTA Claim”). Now before the court is PKC’s motion for summaiy judgment. For the reasons set forth below, this motion is denied.
BACKGROUND
The court assumes that the parties are familiar with the background to their dispute. For the purposes of this motion, the court notes the following. On October 12, 2000, the CA/T exercised its contractual right to not renew the Second DRB (“DRB2”). At that time, according to the CA/T, PKC had not submitted its Mainline or MBTA Claims. In January 2002, the CA/T asked the DRB2 to identify which claims it believed it had jurisdiction over. Before the DRB2’s response, PKC identified several claims as pending; the list did not include the Mainline or MBTA Claims.
On January 18, 2005, PKC submitted a position paper to the DRB2, requesting that the DRB2 issue an order that the Mainline and MBTA Claims after April 30, 1999, were pending, and should be decided by the DRB2 as opposed to its successor DRB panel. On February 25, 2005, PKC submitted the Mainline Claim, in which it stated that, as part of the parties’ attempt to negotiate a settlement, it had in October 2002, submitted to the DRB2 a “first draft” of the claim covering the period through April 31, 1999, and a “second draft” in April 2003, covering the entire period of the Mainline construction until substantial completion. PKC’s 2005 Mainline Claim calculated the claim separately for the periods prior to and after April 30, 1999. PKC submitted its MBTA Claim on April 14, 2005. As with the Mainline Claim, it was calculated separately for the periods before and after April 30, 1999. Nevertheless, it is undisputed that the parties argued the merits and arbitrability of the entire Mainline and MBTA Claims, that is until substantial completion, before the DRB2.
On April 19, 2005, the DRB2 issued Order 14, in which it noted that the Mainline and MBTA Claims were part of the overall Impact Claim under consideration at the time of the non-renewal. It concluded that it had jurisdiction over those two claims under the terms of the March 25, 1999 agreement (the “Agreement”). On December 2, 2005, the DRB2 issued Order 16, in which it stated that “The Board finds that the disputes between the Parties over the PKC Mainline Impact Claim and MBTA Impact Claim for costs through Substantial Completion are subject to binding adjudication in accordance with the Binding DRB Agreement dated March 25, 1999.” (Emphasis in the original.)
Nonetheless, the DRB2 specifically limited the scope of its award in the Mainline and MBTA Claims to “costs in the period from December 2, 1996 to April 30, 1999.” Although the DRB2 stated that it was clear that delays, impacts, and inefficiencies continued after April 30, 1999, it concluded that “it is now for the Third DRB to adjudicate the Mainline Impact Claim and MBTA Impact Claim for this period . . .” The court confirmed Order 16 on January 6, 2009.
Both parties submitted position papers to the Third DRB (“DRB3”) on several claims, including the Mainline and MBTA Claims. At issue from the outset was whether the DRB3 could arbitrate arbitrability. The CA/T took the position that only those claims listed on Exhibit 1 were subject to binding arbitration; PKC argued that it was for the DRB to make that determination.[1] In an August 10, 2006, decision, the DRB3 concluded that it was not bound by prior DRB’s determinations as to what claims were subject to binding arbitration, but would make its own binding arbitral decision on arbitrability.
*152 On October 24, 2008, the DRB3 issued its determination on the Mainline Claim after April 30, 1999 and, in a separate determination dated November 14, 2008, made findings and conclusions as to which claims were arbitrable (the “Binding/Non-Binding Determination”). With respect to Order 16, the DRB3 concluded that the statement in Order 16 that the Mainline and MBTA Claims through substantial completion were subj ect to binding arbitration did not have a preclusive effect on the claims and issues before the DRB3. Specifically, the DRB3 stated that, although the DRB2 could make a determination as to the Mainline and MBTA Claims regarding the period through April 30, 1999, “this DRB may, and does, ignore that purported determination as it applies to the period commencing May 1,1999.” The Fourth DRB (“DRB4”) issued its determination on the MBTA Claim in September 2010. As had the DRB3, the DRB4 made binding decisions on what claims were subject to binding arbitration.
On November 28, 2008, the Project Director issued his decision in the Mainline Claim, and on January 28, 2011, issued his decision on the MBTA Claim.[2] He treated both the DRB3’s Mainline Determination and the DRB4’s MBTA Determination regarding post-April 30, 1999 claims as recommendations pursuant to the process for dispute resolution outlined in subsection 7.16 of the C11A1 Contract.[3] He thus rejected the DRBs’ conclusions that they had authority to determine the arbitration issue. PKC now appeals from the Project Director’s decisions. It argues that the DRB2’s Order 16 holding that the Mainline and MBTA Claims were fully arbitrable through substantial completion must be given res judicata effect because the DRB2 had litigated the identical issues of law.[4] The Project Director’s failure to do so, it contends, is an error of law and his decisions on those claims must be overturned.
DISCUSSION
As a threshold matter, it is for each DRB to make a determination as to over which claims it has jurisdiction. See Massachusetts Highway Dept. v. Perini Corp., 444 Mass. 366, 376-77 (2005). The question is procedural in nature, and not a substantive limitation on the DRB’s authority; the answer has no bearing on the DRB’s ultimate disposition and involves only which DRB will hear a given dispute. Id. at 377. Therefore the DRB2 had the authority to determine that it did not have jurisdiction over the Mainline and MBTA Claims, to the extent that they involved post-April 31, 1999 claims. And the DRB3 and the DRB4 had the authority to determine that they would adjudicate those claims.
PKC argues that because the parties litigated and the DRB2 decided the issue of arbitrability with respect to both the Mainline and MBTA Claims to substantial completion, the Project Director must be bound by the DRB2’s determination regarding post-. April 30, 1999 claims.[5] The post-April 30, 1999 claims might be different, PKC maintains, but the issue of arbitrability is the same. The CA/T responds that PKC cannot establish the elements of issue preclusion because Order 16 concerned different issues and, in any event, the DRB2’s determination in the underlined statement, supra, with respect to post-April 30, 1999 arbitrability was not essential to that order.
“The term ‘res judicata’ includes both claim preclusion and issue preclusion.” Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass.App.Ct. 86, 98 (1999). “Issue preclusion prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim.” TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass.App.Ct. 1, 5 (1999). To succeed on a motion for summary judgment on the basis of issue preclusion, the burden is on the party asserting preclusion to prove that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current adjudication; and (4) the issue decided in the prior adjudication was essential to the earlier judgment. Id. (internal citations and quotations omitted). Because issue preclusion can only be asserted to prevent relitigation of issues already litigated, the court must determine what was actually litigated. Id.
The problem with PKC’s argument is that the DRB2 made determinations as to arbitrability only with respect to claims through April 30, 1999. It made no such determination with respect to post-April 30, 1999 claims, since it determined that it had no authority to do so. Whether those claims, or portions of those claims, were arbitrable is dependent entirely upon the substance of the claims themselves. As this court has repeatedly held, only those claims listed on Exhibit 1 are subject to binding arbitration. Contrary to PKC’s contention, the issue of arbitrability with respect to the pre-April 30,1999 claims is notidentical to that with respect to the post-April 30, 1999 claims.[6] PKC therefore has failed to meet its burden of proving the third requirement for issue preclusion.
Even were the court to conclude otherwise, the DRB2’s statement as to the arbitrability of the Mainline and MBTA Claims through substantial completion cannot have been essential to its judgment, since it conceded that it did not have jurisdiction over the totality of those claims. See, e.g., McSorley v. Town of Hancock, 11 Mass.App.Ct. 563, 567-68 (1981) (issue preclusion applies “where it is plain that an issue attempted to be raised in the second case was the same issue which was so necessarily involved in the first action that the judgment which was entered therein could not possibly have been entered on any ground other than that this issue was adjudicated adversely to the party later attempting to present it”). Here, the *153 DRB2 could have decided that the post-April 30, 1999, claims were not arbitrable, without any change in the award it issued. PKC has thus failed to meet its burden of proof with respect to the fourth requirement for issue preclusion.
CONCLUSION AND ORDER
For the forgoing reasons, PKC’s Motion for Summary Judgment on Project Director’s Decisions is DENIED.

In a letter to the DRB3 dated January 12, 2006, PKC stated: “PKC agrees that the issue of whether the post-April 30, 1999 portion of the Mainline and MBTA impact claims are subject to binding adjudication is for the Third DRB to decide. In making that decision, PKC believes that the Third DRB should give weight to the Second DRB’s determination on that issue . . .”

For this Court’s decisions with respect to the Binding/Non-Binding issue, see Memorandum of Decision and Order on Cross Motions for Summary Judgment on the Binding DRB Issue, Civil Action No. 2008-5300-BLS 1 consolidated with Civil Actions Nos. 2008-5564-BLS1 and 2009-0795-BLS1 (December 23, 2010) (Hinkle, J.); Memorandum of Decision and Order on Perini-Keiwit-Cashman, Joint Venture’s Motion to Clarify, Civ. No. 2008-5300-BLS 1 consolidated with Civ. Nos. 2008-5563-BLS1 and 2009-0795-BLS1 (March 7, 2011) (Lauriat, J.); Memorandum of Decision and Order on PKC's Motion for Reconsideration of March 7, 2011 Memorandum of Decision and Order, Civ. No. 2008-5300-BLS 1 consolidated with Civ. Nos. 2008-5563-BLS1 and 2009-0795-BLS1 (June 2, 2011) (Lauriat, J.); Memorandum of Decision and Order on PKC’s Motion to Confirm Arbitration Award and Massachusetts Transportation Authority’s Cross Motion for Summary Judgment Civ. No. 2010-3879-BLSlconsolidated with Civ. Nos. 200808-5300-BLS1, 2008-5564-BLS1, 2009-0795-BLS1, 2009- 1080-BLS1, 2009-1214-BLS1, and 2009-2940-BLS1 (October 27, 2011) (Lauriat, J.).

The CA/T filed motions to vacate and/or modify the DRB3’s Mainline Determination (Civ. No. 2008-5300) and the DRB4’s MBTA Determination (Civ. No. 2010-3879), on the grounds that those DRB’s (1) had wrongfully issued an arbitral award for which there was never any agreement to arbitrate, and (2) exceeded their authority in making a binding award for matters not subject to binding arbitration. This Court has ruled repeatedly that the DRB did not have the authority to determine as an arbitral award which claims were subject to the Agreement, and has vacated those awards. See n.2, supra.

PKC’s position is in direct contrast to the position it took before the DRB3, where it contended that the DRB2’s determination should not bind the DRB3. See n. 1, supra.

The parties do not dispute the DRB2’s determination regarding the pre-April 30, 1999, Mainline and MBTA Claims, which were closed.

Ultimately, of course, this court decided that the DRB3 had exceeded its authority in making that determination. Memorandum of Decision and Order on Cross Motions for Summary Judgment on the Binding DRB Issue, Civil Action No. 2008-5300-BLS 1 consolidated with Civil Actions Nos. 2008-5564-BLS1 and 2009-0795-BLS1 (December 23, 2010) (Hinkle, J.).